WILLIAM T. GILES, APPELLANT, V. J. THEO. MILLER,
APPELLEE.

FILED MARCH 1, 1893. No. 4525.

1. **Homestead**: JOINT-TENANTS. A homestead may be claimed
in lands held in joint-tenancy.

2. ———: ———: OCCUPANCY. An undivided interest in real es-
tate, accompanied by the exclusive occupancy of the premises
by the owner of such interest and his family as a home, is suf-
ficient to support a homestead exemption.

3. ———: CLAIM OF EXEMPTION OF PERSONALTY: ESTOPPEL. Upon
the facts stated in the opinion it was *held* that neither the
plaintiff nor his grantors are estopped to claim that the prop-
erty in controversy was a homestead at the time of the convey-
ance.

4. ———: VENDOR AND VENDEE: LIEN OF JUDGMENT BEFORE
PURCHASE. Under the homestead law of 1879, the purchaser
of lands held and occupied at the time of the conveyance as the
homestead of the grantor, and which does not exceed in value the
sum of $2,000, takes the same free from the lien of a judgment
docketed prior to such purchase, but during the existence of the
homestead right.

APPEAL from the district court of Phelps county.
Heard below before GASLIN, J.

*Rhea & Rhea,* for appellant.

*G. Norberg* and *Walter A. Leese, contra.*

NORVAL, J.

This was an action brought by William T. Giles, plaintiff and appellant, to quiet the title to lots 3, 4, 5, and 6, in the northeast quarter of section 19, in township 7 north, of range 17 west, in Phelps county, and to enjoin the sale of said premises upon an execution issued on a judgment in favor of appellee and against one J. A. Giles. On the trial the district court found the issues for the defendant, and dismissed the action.

The record before us shows that on and for several years prior to the 4th day of March, 1889, plaintiff and said J. A. Giles were the owners of the real estate above described, each being the owner in fee of the undivided one-half interest therein; that said J. A. Giles during said time was a married man and resided upon said premises and occupied the same with his family as a homestead and farmed the same; that on the said 4th day of March, 1889, said J. A. Giles, his wife, Anna L., joining with him, by deed of general warranty, conveyed his interest in said land to the plaintiff herein, which deed was duly recorded the following day.

On the 15th day of October, 1888, the defendant and appellee, J. Theo. Miller, recovered a judgment against said J. A. Giles, before a justice of the peace of Phelps county, for $120.50 and costs. A certified transcript of said judgment was filed in the office of the clerk of the district court of said county, on October 18, 1888. Subsequently, on October 25, 1889, Miller caused an execution to be issued by the clerk of said court upon said transcript, and to be delivered to the sheriff of said county, who levied the same on said land, and the sheriff being about to sell the same, this suit was instituted. The proofs estab-

lish that the premises in controversy were, at all times herein stated, of less value than $2,000.

The plaintiff below contends that the filing of the transcript of said justice's judgment in the district court did not create a lien upon the lands in dispute, and that said real estate is not subject to sale upon execution issued upon said transcripted judgment, for the reason that said premises constituted the homestead of plaintiff's grantors, J. A. Giles and wife, at the time of the filing of such transcript, and from thence until the conveyance was made to plaintiff. The defendant Miller insists that a person cannot claim a homestead in lands which he owns in common with another, and inasmuch as J. A. Giles only owned an undivided interest in the property, such interest is subject to the lien of defendant's judgment against him, and may be sold on execution under it.

The precise question presented has never been passed upon by this court. That a homestead can be claimed by a tenant in common is affirmed by the courts of some of the states, while the contrary doctrine is held in other states.

Section 1 of the legislative enactment of 1879, entitled "An act to provide for the selection and disposition of homesteads, and to exempt the same from judgment liens, and from attachment levy, or sale, upon execution or other process," provides: "A homestead not exceeding in value $2,000, consisting of the dwelling house in which the claimant resides, and its appurtenances, and the land on which the same is situated, not exceeding 160 acres of land, to be selected by the owner thereof, and not in any incorporated city or village, or instead thereof, at the option of the claimant, a quantity of contiguous land, not exceeding two lots, within any incorporated city or village, shall be exempt from judgment liens and from execution or forced sale, except as in this chapter provided."

Neither the above provision, nor any other section of the

homestead law, specifies or defines the character of the ownership or interest in lands which is necessary to support the homestead right. We know that the purpose of the legislature in enacting the statute under consideration was to protect the debtor and his family in a home from a forced sale on execution or attachment. Keeping this object in view, and applying the liberal rule of construction which always obtains in the interpretation of exemption laws, we are constrained to hold that any estate or interest in lands which give the right of occupancy or possession is sufficient, if coupled with requisite occupancy, to entitle the person to, the benefits of the provisions of the section above quoted. The ownership need not be of an estate in fee-simple, but the owner of the equitable title occupying under a contract of purchase may claim the exemption of the statute. So, we think, an undivided interest in real estate, accompanied by exclusive occupancy, will support the homestead claim. J. A. Giles, as the owner of an undivided interest in the property, was entitled to the exclusive possession as against every person but his co-tenant. The quantity and value of the land being within the statutory limit, and the requisite occupancy being established, we conclude that the judgment was not a lien upon the grantors' interest in the land. (*Lozo v. Sutherland*, 38 Mich., 168; *Sherrid v. Southwick*, 43 Id., 515; *Cleaver v. Bigelow*, 61 Id., 47; *Herdman v. Cooper*, 29 Ill. App., 589; *Feldes v. Duncan*, 30 Id., 469; *Conklin v. Foster*, 57 Ill., 104; *Potts v. Davenport*, 79 Id., 455; *Tarrant v. Swain*, 15 Kan., 146; *Thorn v. Thorn*, 14 Ia., 49; *Horn v. Tufts*, 39 N. H., 478; *McClary v. Bixby*, 36 Vt., 257; *Oswald v. Mc-Cauley*, 42 N. W. Rep. [Dak.], 769; *Kaser v. Haas*, 7 N. W. Rep. [Minn.], 824; Freeman, Co-Tenancy and Partition, sec. 54.)

Counsel for defendant insist that J. A. Giles waived his homestead rights in the property, by reason of his having claimed certain personal property as exempt from sale

under an execution issued against him on the said judgment in favor of said Miller. It appears that prior to the issuance of the execution, under which the real estate in question was about to be sold, and before the same was conveyed to this plaintiff, another execution was issued upon the same judgment, which was leved upon certain personal property owned by J. A. Giles. For the purpose of claiming his exemptions the said judgment debtor presented to the officer holding the execution, and filed with the justice before whom the judgment was rendered, a schedule or inventory of the whole of his personal property, in which he stated under oath that "I am the head of a family, and have neither lands, town lots, nor houses subject to execution as a homestead under the laws of this state, and that the above inventory and appraisement contains a true list of the whole of the personal property owned by me."

The property was not released from the levy, but the same was sold, under the writ, to one Phare, who at the time knew that the property was claimed as exempt. Subsequently J. A. Giles replevied the property from the purchaser, alleging in the affidavit therefor that the property was exempt. Giles was successful in the action. It is now claimed that he and those claiming under him are estopped to insist that the real estate was the homestead of J. A. Giles. No estoppel was either pleaded or proved in this case against the wife. So far as appears she had nothing to do with the filing of the inventory. It is not even shown that she knew its contents or that it had been filed, or that her husband claimed the personal property as exempt in lieu of a homestead. The homestead law was passed for the protection of the family of the debtor, and either husband or wife may claim the benefits of its provisions. The statute, in effect, provides, and it has been frequently held, that the homestead cannot be aliened or incumbered without the joint consent of both husband and wife. The husband alone cannot deed or mortgage it, so as to deprive either

himself or the wife of their interest in the homestead. So we conclude that Mrs. Giles was not concluded by the acts and conduct of her husband from claiming the property as a homestead.

The case falls within the principle of the decision in *Whitlock v. Gosson*, 35 Neb., 829. In that case one William Gosson, with his three children, moved to this state from Illinois and resided upon and occupied a tract of land in Madison county as a homestead. At the time of his removal to this state, and ever since, he had an insane wife who was and is an inmate of an asylum for the insane in the state of Illinois, and has never resided in this state. Gosson executed a mortgage on the homestead, in which he was described as a single man, and the credit was extended on the faith of that statement. It was held that the mortgagor was not thereby estopped to claim the mortgaged premises as a homestead and that the mortgage was void as to the homestead right. Judge Post in delivering the opinion of the court upon that question says: "Estoppel will not supply the want of power or make valid an act prohibited by express provisions of law. The statute, in effect, declares a conveyance or incumbrance of the family homestead by the husband alone void, not only as to the wife, but also as to the husband himself. Therefore neither is estopped from asserting the homestead rights as against the grantee or mortgagee. Such is the view sanctioned by the clear weight of authority, and supported by the soundest reasoning." (See *State, ex rel. Stevens, v. Carson*, 27 Neb., 501.)

As the real estate in dispute was the homestead of J. A. Giles at the time of the filing of the transcript of the judgment and at the time of plaintiff's purchase, defendant's judgment was not a lien on the property. The purchaser of land which is held and occupied by the owner and his family as a homestead, and which does not exceed in value $2,000, takes the same free from the lien of a

judgment docketed prior to such purchase, but during the existence of the homestead right.   In other words, a judgment is not a lien upon homesteːd premises, and the owner can convey the same free from his previous judgment debts. (*Schribar v. Platt*, 19 Neb., 625.)   It follows that the plaintiff is entitled to a judgment as prayed for in his petition, and the district court erred in dismissing the action. The judgment appealed from is reversed, and a decree will be entered in this court for the plaintiff in conformity to this opinion.

DECREE ACCORDINGLY.

THE other judges concur.