GEORGE F. LUTZ ET AL., Appellees, v. RISTINE & RUML,
Appellants.

**Homestead:** SELECTION FROM DIFFERENT TRACTS: RELINQUISHMENT.
1 One owning a forty-acre tract in fee and also the life use of
an adjoining forty, is entitled, while living on the land held
in fee, to select a homestead consisting of portions of both
forties; and while a sale of the forty owned in fee will operate
as a conveyance of the homestead right to the purchaser, it
is ineffectual as a relinquishment of the right so far as other
parties are concerned.

**Same:** CHANGE OF SITUS: ABANDONMENT. One may change the
2 situs of his dwelling house from one portion of the premises
impressed with a homestead character to another, and the act
will amount to a confirmation rather than an abandonment of
the homestead right.

**Homestead:** JUDICIAL SALE: PLATTING. A sale under execution of
3 land impressed with a homestead exemption, or which might
have formed part of the homestead, without platting by the
owner or officer, is void.

**Abandonment of homestead.** A temporary removal from a rural
4 homestead with intention of returning does not constitute its
abandonment.

*Appeal from Linn District Court.*— HON. J. H. PRESTON,
Judge.

WEDNESDAY, JULY 3, 1907.

REHEARING DENIED MONDAY, DECEMBER 16, 1907.

ACTION in equity to set aside a sheriff's sale of real
estate under execution. From a decree in favor of plain-
tiffs, the defendants appeal.— *Affirmed.*

*L. M. Kratz,* for appellants.

*F. L. Anderson, J. M. Gray,* and *Voris & Haas,* for
appellees.

BISHOP, J.— The plaintiffs are husband and wife, and were so at all the times in question. In November, 1889, Martin Lutz, father of plaintiff, George F. Lutz, died, testate, and his will was duly probated. Said Martin Lutz died seised of an eighty-acre farm, situated in Linn county, and this he bequeathed to his said son, one forty thereof known in the record as the front forty, in fee, and the other forty, known as the rear forty, a life estate. At the time, the building improvements were all on the front forty, and plaintiffs entered into possession, and thereafter down to the year 1897 made the place their home, occupying and cultivating the entire tract. In January, 1897, plaintiffs sold and conveyed the front forty to one Crum, and during the summer of that year they built a house on the rear forty, and then moved from the house on the front forty, which they had continued to occupy, to the new one. They continued to reside on the rear forty down to the year 1902, when they rented the place and moved into the city of Marion. In the year 1897, plaintiffs had become indebted to defendant on two promissory notes, given in settlement of an account for professional services, and these notes were reduced to judgment in the year 1904. Execution was caused to issue, and thereunder was sold the rear forty acres in question. Plaintiffs were present by attorney at the time of the sale, and protested against the same, claiming that the property was their homestead, and, as such, exempt from sale under general execution. Following the sale, this action was commenced to cancel and set aside the same, and this upon the sole ground that the property was not subject to sale because impressed with the homestead character.

Defendants present two grounds of defense: (1) That the indebtedness merged into the judgment occurred 1. HOMESTEAD: selection from different tracts: relinquishment. long prior to the time plaintiffs acquired any homestead right in the particular premises in question; (2) that, in any event, plaintiffs had abandoned all homestead rights in the premises

prior to the levy and sale. The court below took the view that neither defense was available, and in this view we concur. The statute (Code, section 2978) exempts to a ruralist a homestead of forty acres, and he may select the same from any greater number of acres owned by him; the only condition being that the tract selected shall include that part on which is situated the house used by the owner as a home. Code, section 2977. And the selection may be made at any time before judicial sale. It follows from this that Lutz had the right, while living on the front forty, to make selection of a portion thereof and a portion of the rear forty as his homestead. True, in selling the front forty, he conveyed away his homestead right to the purchaser; but, as to the rest of the world, there was no relinquishment of homestead rights while he continued in the occupancy of the premises with his family.

Now, in this situation, he elected to change the situs of his dwelling house to the rear forty, and, in doing this, as we think, he confirmed his homestead right, rather than committed an act of abandonment. It was not a change of homesteads, as counsel for appellant seems to think, but a change in location of the dwelling house from one portion of premises impressed with the homestead character to another portion of such premises. Of this no one ought to be heard to complain, especially where, at the time of the change, the premises are free from liens of every character.

2. Same: change of situs: abandonment.

Equity will not draw very fine sights when dealing with homestead questions, but conceding that, while still living on the front forty, Lutz had no right to make selection of the entire rear forty as his homestead, still the execution sale here complained of must be condemned. It is not claimed that plaintiff was called upon to make selection, nor that the sheriff caused a plat to be made. A sale under execution of a tract of land impressed with the homestead character, or which might

3. Homestead: judicial sale: platting.

have formed part of the homestead, without such homestead being platted either by the owner or the officer making the sale, is void. *White v. Rowley,* 46 Iowa, 680; *Lowell v. Shannon,* 60 Iowa, 713.

On the question of abandonment, the evidence clearly preponderates in favor of the contention of plaintiffs that their removal to Marion was only for temporary purposes, and that it was their intention to return to the farm. Such being the case, there was no loss of homestead right. This is the rule of the cases. They are fully collected under section 2977 of the Code, if the reader cares to examine them.

4. ABANDONMENT OF HOMESTEAD.

It follows from what we have said that the decree appealed from was right, and it is *affirmed.*