## NORTHWEST THRESHER CO. v. McCARROLL *et ux.*

No. 1127.   Opinion Filed September 26, 1911.

(118 Pac. 352.)

1. **HOMESTEAD—Abandonment.** A homestead is abandoned by the acquisition of another.

2. **SAME—Judgment Lien—Subsequent Occupation.** After a judgment lien has attached to real estate, it cannot be divested by its occupancy for homestead purposes.

(Syllabus by Ames, C.)

*Error from District Court, Grant County; W. M. Bowles, Judge.*

Action by the Northwest Thresher Company against G. T. McCarroll and wife. Judgment for defendants. On motion by defendants to discharge certain property from an execution levied by the sheriff of Grant county, on the ground that the property levied on was exempt from execution because a homestead. Motion sustained, and plaintiff brings error. Reversed and remanded.

*C. S. Ingersoll* and *F. G. Walling,* for plaintiff in error.

*Mackey & Stephenson,* for defendants in error.

Opinion by AMES, C. On January 30, 1907, the Northwest Thresher Company, plaintiff in error, recovered a judgment in the district court of Grant county against G. T. McCarroll and wife. On May 11, 1909, the plaintiff caused an execution to be issued, which was levied on certain property in Medford. On May 19th, G. T. McCarroll and his wife, Sadie McCarroll, defendants in error, filed a motion to require the sheriff to release the property from the levy, because it was their homestead; and on the same day Sadie McCarroll filed a motion to release part of the property from the levy, because it was her individual property. The district court sustained the motions, and the plaintiff brings the cause here by petition in error.

Two questions are involved in the case. First, whether the property at the time of the rendition of the judgment had been abandoned as a homestead; and, second, whether its occupancy as a homestead after rendition of the judgment would divest the lien.

Upon the first question the record discloses the following facts: Of the property levied on, some of the lots are owned by McCarroll, and some by him and his wife as tenants in common. These lots at one time were the homestead. In 1904, while this was a homestead, McCarroll filed on other lands in Woods county under the homestead laws of the United States. He resided on this homestead a part of the time until about the 1st of January, 1907, and thereafter continuously until April, 1908, at which time he made his final proof. His wife never resided on the Woods county homestead, but continued to live in Medford on the property in controversy, although she visited him in Woods county, and he visited her at Medford. They continued living together as husband and wife, and neither abandoned the other. We are of the opinion that under these facts McCarroll abandoned the Medford homestead.

In *Donaldson v. Lamprey*, 29 Minn. 18, 11 N. W. 119, plaintiff owned a homestead in Dakota county, and went to Sibley county, with the intention of entering a soldier's homestead, which he located, and upon which he filed his declaratory statement, making the usual affidavit of intention to occupy. He afterwards made some improvements upon the place and lived on it. His wife for a part of the time remained in Dakota county and part of the time in Sibley county, and then continuously in Sibley county. He voted in Sibley county. In considering the case the court said:

"Against all this array of facts tending to show an abandonment of the former home and the selection and adoption of a new one, the only evidence offered is, that his household furniture used in the Dakota home still remains there, and that a son and a daughter still continue to occupy it, and the statement of plaintiff himself on the trial that it has never been his intention to change his residence or remove from the land in dispute,

that he has always regarded it as his home, and that it had always been his intention to return to it. But it does not appear whether this son and daughter are minors, or have attained their majority, or how, or under what arrangement they continue to occupy the old homestead. And the mere statement by plaintiff that his intention was not to remove permanently, but to return, cannot control the overwhelming weight of evidence to the contrary, as disclosed by his own conduct and acts."

In *Tracy v. Harbin,* 40 Tex. Civ. App. 395, 89 S. W. 999, Harbin owned a homestead in Texas, but upon the opening of the Kiowa and Comanche reservations in this state, in 1901, went to Kiowa county, where he filed on government land under the homestead laws, making the usual affidavit for such purpose. After remaining there about six months, he relinquished his claim to the government upon receiving a consideration from another, and returned to his home in Texas. In the opinion the court said:

"This, in the main, is the testimony bearing upon the issue of abandonment, save that appellee A. W. Harbin testified that he never at any time intended not to return to his Eastland county farm, and it was shown that he rented the same subject to the right to immediately repossess himself of it. We think, on the whole, that it clearly appears that appellee Harbin, by the acquisition of another homestead in Oklahoma Territory, abandoned the land in controversy as a homestead, and that the injunction forbidding its sale upon execution should be dissolved."

Upon the second proposition, it is not disputed that when the judgment was rendered McCarroll was residing upon the homestead in Woods county; but it seems probable from the record that at the time the execution was levied he had returned to Medford, and was residing upon the property upon which the sheriff levied. It seems to be well settled by the authorities that, when a judgment lien has attached, it cannot be divested by the subsequent occupation of the land for homestead purposes. *Gunn v. Barry,* 15 Wall. 610, 21 L. Ed. 212; *Edwards v. Kearzey,* 96 U. S. 595, 24 L. Ed. 793; 2 Freeman on Judgments (4th Ed.) 355; note at page 496 of 34 Am. St. Rep.; *Ashton v. Engle,* 20 Kan. 670, 27 Am. Rep. 197; *Aldrich v. Boice,* 56 Kan. 170, 42 Pac. 695.

The motion of Mrs. McCarroll, in so far as it related to her

individual property, should, of course, have been sustained; but the motion of Mr. McCarroll should have been overruled.

For the reasons herein stated, the cause should be reversed, and remanded for further proceedings in accordance with this opinion.

By the Court: It is so ordered.

All the Justices concur.