MELISSA LIVASY et al., Appellees, v. STATE BANK OF REDFIELD et al., Appellants.

**HOMESTEAD:** Undivided Interest Held in Common. A homestead may consist of the owner's undivided interest in lands held in common. So held where the interest was an undivided one fourth of 120 acres.

*Appeal from Dallas District Court.*—LORIN N. HAYS, Judge.

FEBRUARY 17, 1919.

SUIT to enjoin the sale of the undivided one-fourth interest of Melissa Livasy in 120 acres of land resulted in a decree as prayed. The defendants appeal.—*Affirmed.*

*Burton Russell,* for appellants.

*George J. Dugan,* for appellees.

LADD, C. J.—On March 20, 1912, the State Bank of Redfield obtained judgment in the district court of Dallas County against Melissa Livasy, for the sum of $2,717.81, with costs. Execution was issued thereon, May 17, 1917, and levied on the NE¼ of NW¼ and S½ of NW¼ of Section 24, in Township 97 North, of Range 29 West of the 5th

P. M.   This land had been conveyed by Thomas McLane to Melissa Livasy and her children, November 20, 1905.   With these children, she and her husband had occupied the premises continuously from 1902, as their home, until the bringing of this suit.   One of the children, Edith Hodson, was married at the time of the levy, but received one fourth of the rents and profits from the land.   Another, L. D. Livasy, was a minor, but was given his share in said rents and profits.   The daughter Callie, a minor, continued to make her home with her parents, her share of the rents and profits being used for her maintenance and education.   The dwelling house and other buildings, occupied by the family for so many years, were located on the SW¼ NW¼ of the section.

The sole issue in the case is whether Mrs. Livasy may claim her undivided one-fourth interest in the land as her homestead, exempt from the levy of the execution.   If such interest constituted a homestead, it was exempt from execution.   Section 2972 of the Code.

"If within a city or town plat, it must not exceed one-half acre in extent, otherwise it must not contain in the aggregate more than 40 acres, but if, in either case, its value is less than $500, it may be enlarged until it reaches that amount."   Section 2978, Code Supplement, 1913.

It is not essential that this tract consist of any particular 40 acres.   It may be made up of several adjoining tracts.   *Lutz v. Ristine*, 136 Iowa 684.   Nor is it essential that the claimant have the fee title.   The homestead may exist in a life estate, a leasehold estate (*Wertz v. Merritt Bros.*, 74 Iowa 683), or in an equitable estate, or, possibly, partly in one and partly in another.   The tenure has nothing to do with the homestead, except as a basis for its support.   The homestead right is that of possession and enjoyment, use and occupancy.   A tenant in common may enjoy the tenancy of property, and claim the same as a homestead.

*Hewitt v. Rankin,* 41 Iowa 35; *Thorn v. Thorn,* 14 Iowa 49; *Bolton v. Oberne,* 79 Iowa 278; *Fordyce v. Hicks,* 80 Iowa 272.

As pointed out in *Kaser v. Hass,* 27 Minn. 406 (7 N. W. 824):

"A tenant in common, or joint tenant, has, by reason of his estate or interest, a right to the possession,—to the exclusive possession,—as against all the world but his co-tenant. His exclusive possession is rightful, except as against the demand of his cotenant to be let into joint possession. The fact that the cotenant may, if he choose, disturb such exclusive possession, cannot affect the right to the undisturbed possession as against everyone else, nor affect the right, as against all the world but the cotenant, to occupy the premises as a homestead. We are unable to see much force in the reason assigned by some of the courts for denying the homestead right to the owner of only an undivided interest in the estate, to wit: that it would be practically impossible to set off for him any specific portion which might not, on partition, fall to his cotenant. In setting off the homestead between the claimant and his creditor, the rights of third persons are not considered; nor does it matter that a portion selected by and set off to the claimant, as between him and the creditor, may, in a subsequent controversy between the claimant and some third person, be lost to the former. The object of the statute is not to vest in the claimant an assured title to the portion set off, but to protect that portion from levies and sales under judgments. When there is the requisite ownership and occupancy of the portion selected and set off, it cannot be material that such ownership and occupancy may be subsequently defeated, as by the foreclosure of a lien already attached, or re-entry for condition broken, or the like."

In *Sieg v. Greene,* 225 Fed. 955, the United States Circuit Court of Appeals for this district construed the Iowa

statutes and applied the above doctrine, in adjudging a co-tenant's undivided one-half interest in 80 acres of land exempt as a homestead to the bankrupt and his family. See, also, *Oswald v. McCauley,* 6 Dak. 289 (42 N. W. 769) ; *Giles v. Miller,* 36 Neb. 346 (54 N. W. 551). *Jenkins v. Volz,* 54 Tex. 636, is precisely in point; for there it was held that the homestead right would not be confined to the undivided interest in the 200 acres, including the improvements, but should extend to an undivided interest of 200 acres out of the tract of 520 acres owned in common. Like ruling is found in *Lewis v. White,* 69 Miss. 352.

In *Greenwood & Son v. Maddox & Toms,* 27 Ark. 648, the debtor was owner of an undivided one-third interest in 320 acres, as tenant in common with his two sisters; and it was held that, before the execution could be enforced, he might have the land partitioned, and have the benefit of the 160-acre exemption.

It would seem that the fact that the judgment debtor's interest is not segregated from that of the cotenant would furnish the judgment creditor no ground for complaint. Having the exclusive right of occupancy of her undivided interest, the judgment creditor is not concerned in the fact that she also has possession of that of her cotenants. In the absence of objections from the latter, she enjoys the use and occupancy of her interest quite as completely as though the land had been partitioned, and her portion set apart to her. As remarked by Mr. Freeman in his work on Cotenancy & Partition, Section 54:

"Why should some person having no interest in the cotenancy be allowed to avail himself of the law of cotenancy for his own, and not for the cotenant's gain? The homestead laws have an object perfectly well understood and in the promotion of which courts may well employ the most liberal and humane laws of interpretation. * * * A cotenant may lawfully occupy every parcel of the lands of cotenancy."

Such occupancy, when by the head of a family, and covering no more than the amount of land exempt from execution, may be pleaded, exempting the interest of the co-tenant as a homestead, and may shield it from the claims of creditors which have accrued subsequent to the beginning of such occupancy. The case is distinguishable from *Farr v. Reilly*, 58 Iowa 399, where the court held that, on foreclosure sale, the sheriff was not bound to offer one portion of land held by tenants in common before putting up for sale the remainder, said to contain the homestead of one of the tenants. Separation of the land held in common is not involved in this case; for the undivided one-fourth interest is less than claimant might claim as exempt to her as a homestead.—*Affirmed.*

GAYNOR, PRESTON, and STEVENS, JJ., concur.