[File No. 6293.]

CHRISTIAN F. PROEFROCK, Respondent, v. AMERICAN NA-
TIONAL BANK, of St. Paul, Minnesota, a Corporation, Appel-
lant.

(258 N. W. 482.)

Opinion filed January 7, 1935.

*Harold B. Nelson,* for appellant.

*W. E. Matthaei* and *Samuel H. Dolve,* for respondent.

BURKE, J. This is an action to quiet title to certain land in Wells County, North Dakota. Findings of fact and conclusions of law were made favorable to the plaintiff and from the judgment entered thereon the defendant duly appeals.

From the stipulated facts in this case the plaintiff is the owner of an undivided one-third interest in the east half of section 20, township 149, range 69, in Wells county, North Dakota and has been such owner and has lived thereon with his family since the 11th day of November, 1907. On February 8th, 1932, appellant, having a judgment against respondent, caused execution to be issued and a levy was duly made upon respondent's one-third interest in said land. After the levy was made the respondent served upon the sheriff a claim of homestead exemption, claiming an undivided one-third interest in said land; and on March 19, 1932 the sheriff filed in the office of the register of deeds of Wells county a written release of said levy, releasing the southeast quarter of said land from the levy; and on the 26th day of March, 1932, the sheriff sold the northeast quarter.

It is conceded that respondent is the head of a family and is entitled to homestead exemptions, but it is claimed that the homestead exemptions are limited to one hundred sixty acres of land, whereas the respondent is claiming a homestead interest in three hundred twenty acres of land.

In the instant case the respondent only owns a one-third interest in

the half section; two thirds of this land belongs to others. The claim of appellant is solely and alone against the respondent, and has no claim against the other owners of the land.

"Undivided interest in land, accompanied by exclusive occupancy of land by owner and his family as home, will support homestead exemption. . . . The extent of the homestead is to be determined by the claimant's interest in the land, and not by the fee-simple value of the premises." Connor v. McDonald, 120 Neb. 503, 233 N. W. 894.

In Nebraska the value of the homestead is limited by law to two thousand dollars and in the case of Connor v. McDonald, supra, the husband and wife each owned an undivided one-half interest in a lot, upon which they built a house with the proceeds of a mortgage executed by both, and in which they lived and made their home. The record did not show that the wife consented to the selection of the homestead from her interest in the property and as the record did show that the husband's undivided one-half interest in the property was less than two thousand dollars, the amount limited by law, the husband never had in the lot a property right to which a judgment of one of his creditors attached. In other words, so long as his interest in the property did not exceed the value of the homestead, as fixed by law, it was exempt.

A case very much in point is the case of Livasy v. State Bank, 185 Iowa, 442, 170 N. W. 756. In that case the homestead claim of Mrs. Livasy was a one-fourth interest in 120 acres of land, upon which she lived and had lived with her children for years and which she claimed as a homestead as against an execution levied upon her interest in the land. The farm homestead (in Iowa) is limited by law to 40 acres and the homestead claimant was claiming a one-fourth interest in the 120 acres. The court said: "It is not essential that this tract consist of any particular 40 acres. It may be made up of several adjoining tracts. Lutz v. Ristine, 136 Iowa, 684, 112 N. W. 818. Nor is it essential that the claimant have the fee title. The homestead may exist in a life estate, a leasehold estate (Wertz v. Merritt Bros. 74 Iowa, 683, 39 N. W. 102), or in an equitable or possibly partly in one and partly in another. The tenure has nothing to do with the homestead, except as a basis for its support. The homestead right is that of possession and enjoyment, use and occupancy. The tenant in common may enjoy the tenancy of property and claim the same as a homestead. Hewitt v.

Rankin, 41 Iowa, 35; Thorn v. Thorn, 14 Iowa, 49, 81 Am. Dec. 451; Bolton v. Oberne, 79 Iowa, 278, 44 N. W. 547; Fordyce v. Hicks, 80 Iowa, 272, 45 N. W. 750; Kaser v. Haas, 27 Minn. 406, 7 N. W. 824."

Continuing the court said: "In Sieg v. Greene (C. C. A. 8th) 225 F. 955, 35 Am. Bankr. Rep. 150, Ann. Cas. 1917C, 1006, the United States Circuit Court of Appeals for this district construed the Iowa statutes and applied the above doctrine in adjudging a cotenant's undivided one-half interest in 80 acres of land exempt as a homestead to the bankrupt and his family. See also Oswald v. McCauley, 6 Dak. 289, 42 N. W. 769; Giles v. Miller, 36 Neb. 346, 54 N. W. 551; 38 Am. St. Rep. 730; Jenkins v. Volz, 54 Tex. 636 is precisely in point, for there it was held that the homestead right would not be confined to the undivided interest in the 200 acres including the improvements, but should extend to an undivided interest of 200 acres out of the tract of 520 acres owned in common. . . .

"In Greenwood v. Maddox, 27 Ark. 648, the debtor was owner of an undivided one-third interest in 320 acres as tenant in common with his two sisters, and it was held that before the execution could be enforced that he might have the land partitioned and have the benefit of the 160-acre exemption.

"It would seem that the fact that the judgment debtor's interest is not segregated from that of the cotenant would furnish the judgment creditor no ground for complaint. Having the exclusive right of occupancy of her undivided interest, the judgment creditor is not concerned in the fact that she also has possession of that of her cotenants. In the absence of objections from the latter she enjoys the use and occupancy of her interest quite as completely as though the land had been partitioned and her portion set apart to her. As remarked by Mr. Freeman in his work on Homestead & Partition, § 54:

" 'Why should some person having no interest in the cotenancy be allowed to avail himself of the law of cotenancy for his own and not for the cotenant's gain? The homestead laws have an object perfectly well understood in the promotion of which courts may well employ the most liberal and humane laws of interpretation. A cotenant may lawfully occupy every parcel of the land's cotenancy.' "

The case of Arispe Bank v. Werner, 201 Iowa, 484, 207 N. W. 578 is not in conflict with the case of Livasy v. State Bank, 185 Iowa, 442,

170 N. W. 756, supra. In this latter case S. Werner and Maria Werner, husband and wife, owned in common 120 acres of land and had nine children, who inherited the land at the death of their parents. One of the children, Bertha Griep, was a nonresident, against whom an attachment lien was claimed against her interest in the land. The lower court, with the consent of all the owners, established the homestead in the forty acre tract upon which the dwelling house stood and was exempt and the interest of the Bertha Griep in the land, exclusive of the homestead, was held subject to the attachment lien. The attachment creditor appealed, claiming that the court erred in not establishing a lien on the interest of the appellee in the entire 120 acres. S. and Maria Werner, the parents, were entitled to one homestead of 40 acres only which homestead, by consent of all the owners was selected and descended to the heirs free from all encumbrances. The heirs did not claim a homestead interest in the property. They claimed the homestead was exempt because it was the homestead of their father and mother and, under the Iowa statute, descended to them free from encumbrances. They agreed to the selection and did not appeal from the judgment. The court said: "By § 2985, supra, where there was no will and no surviving spouse, the homestead descended to the issue of the husband and wife, exempt from the antecedent debts of such issue. It would seem clear, under the stipulated facts, that Maria Werner had a homestead in the undivided half of the land owned by her. We do not understand this to be questioned. It would seem to be equally clear that this descended to her children, exempt from their antecedent debts." It followed, as a matter of course, that the only interest Bertha Griep had that was exempt was whatever interest she had in the homestead, which under the law descended to her free from encumbrances and left her interests in the balance of the estate subject to the attachment lien.

In Michigan the homestead is limited to 40 acres and in the case of Bowman v. Wolverine Power Co. 268 Mich. 59, 255 N. W. 613, the Michigan court said: "The owner is entitled to take, for homestead, the property upon which home is situated and any adjoining land not to exceed 40 acres."

The Missouri statute limits the homestead value to $2000. In Lieber v. Lieber, 239 Mo. 1, 143 S. W. 458, the record showed that the residence tract was worth more than $2000. It was held that the wild land

situated more than 3 miles from such tract could, under no circumstances, be considered a part of the homestead.

In Oklahoma the homestead is limited to 160 acres and in the case of Morey v. James, 118 Okla. 277, 248 P. 594, later appeal in 136 Okla. 174, 276 P. 707, the court held that where the family residence is on a tract of land in excess of 160 acres owned by the husband, and he also owns additional land one and a half miles from the tract on which the family resides and all of such lands are used and cultivated for the benefit of the family, the homestead may be selected, by legal subdivisions, from any of such lands, contiguous or otherwise, but must include the family residence. Jaffery v. McGough, 88 Ala. 648, 7 So. 333; Re Buie (D. C.) 287 F. 896, affirmed in (C. C. A. 5th) 293 F. 1021, writ of certiorari denied in 264 U. S. 588, 68 L. ed. 864, 44 S. Ct. 402; Jacobs v. Hawkins, 63 Tex. 1; Hodges v. Winston, 95 Ala. 514, 11 So. 200, 36 Am. St. Rep. 241; Oregon Mortg. Co. v. Dunbar, 87 Mont. 603, 289 P. 559, 73 A.L.R. 113 and voluminous notes following.

It is well settled that the homestead is exempt so long as it does not exceed the limit in value or area fixed by law and this is determined as to value by the value of the interests of the homestead claimant in the land. If his interests exceed the limit of value, the excess is not exempt and if it exceeds the limit in area the excess is not exempt.

In the instant case if it appeared from the record that the one-third interest of the homestead claimant exceeded the limit fixed by law there might be some reason for recognizing the rule as stated in Greenwood v. Maddox, 27 Ark. 648, supra, but there is no such claim and nothing alleged showing an excess in land claimed or entitling the plaintiff to a partition of the property.

In 1925 the legislature re-enacted § 5606 and provided that the homestead of every head of a family residing in this state and consisting of not to exceed two acres of land and the improvements thereon, if within a town plat and not exceeding in value eight thousand dollars over and above liens and encumbrances, or both, claimed under subdivisions 1, 2 and 3 of § 5607, and if not within a town plat, not exceeding in the aggregate more than one hundred sixty acres and consisting of a dwelling house in which the homestead claimant resides and all of its appurtenances and the land on which the same is situated, also all other improvements on the land and regardless of the value of the same, shall

be exempt from judgment lien or execution or forced sale except as provided in this Chapter.

The amendment in 1925 makes a very decided change in the homestead law. Under the 1923 act every homestead was in value limited to five thousand dollars, over and above liens and encumbrances. This applied to all homesteads, whether in town or in the country. Under this law if an execution was levied upon a homestead of greater value than five thousand dollars, under § 5611, it could be appraised and sold, five thousand dollars paid to the homestead claimant and the excess used to satisfy the judgment, but under the law, as amended in 1925, the value is fixed at eight thousand dollars, above liens and encumbrances, on the homestead within the town plat and if not within a town plat, there is no limit to the value and it expressly states that all the improvements on it are exempt, regardless of value, so it is very clear that it was the intent of the legislature to limit the homestead in the country to one hundred sixty acres, regardless of value.

In the instant case, respondent having only a one-third interest in the half section, his interest is less than one hundred sixty acres, and he had nothing upon which appellant could levy.

The injunction issued, however, should not be made perpetual, as the homestead may be abandoned or lost and in such case the judgment lien would attach or if at any time the interest of the homestead claimant exceeds the legal limit in area the creditor may, on partition, subject the excess to the payment of the judgment. Klemmens v. First Nat. Bank, 22 N. D. at page 309, 133 N. W. 1044.

It is ordered that the injunction be and remain in force only so long as the homestead interest survives and does not exceed the limit fixed by law and as thus modified the judgment is affirmed with costs.

BURR, Ch. J., and MOELLRING, J., concur.

NUESSLE and CHRISTIANSON, JJ., concur in the result.