[File No. 6468.]

FIRST STATE BANK OF GACKLE, a Corporation, Respondent, v. GOTTLIEB FISCHER, Elizabeth Fischer, Katharina Fischer, and Cherk Steinstra,
and
CHERK STEINSTRA, Appellant.

(272 N. W. 752, 110 A.L.R. 878.)

Opinion filed April 8, 1937.

*Buck & Buck,* for appellant, Steinstra.
*J. A. Coffey,* for respondent.

MORRIS, J. This is an action for the foreclosure of a mortgage on a quarter section of land in Stutsman county. The prime question is one of priority between the mortgage and a judgment lien owned by the defendant, Cherk Steinstra, and is presented by the following facts.

The defendant and appellant, Cherk Steinstra, obtained a judgment against Gottlieb Fischer which was docketed in the district court of Stutsman county on June 15, 1931. On August 29, 1932, Fischer became the owner of the land in question by virtue of a deed which was recorded September 8, 1932, at which time Fischer did not occupy or claim the land as his homestead. In the fall of 1933 he made arrangements for a foundation for a house and formed an intention to move on and occupy the premises as a homestead. He actually moved the following spring. On March 22, 1934, an execution was issued on the judgment and levy made thereunder. In an action brought by Fischer the district court restrained the sale and adjudged:

"That on and prior to the 22nd day of March, 1934 the plaintiff had placed improvements upon the said land and had established a homestead thereon and had moved upon and was living upon said premises with his said family, using and occupying said land and premises as his homestead. . . .

"That as such homestead of the plaintiff the said land hereinbefore described constituting the said homestead is not subject to levy and sale for such time as the same shall be and remain the homestead of the said plaintiff, and during all such time the defendant, his agents and servants are hereby enjoined and restrained from levying upon and selling the said land and premises under and by virtue of the said judgment of defendant against the said plaintiff."

This judgment was entered on March 19, 1935, and no appeal was taken therefrom. On March 17, 1934, Fischer gave to the plaintiff the mortgage now being foreclosed which was recorded May 18, 1934. Fischer continued to occupy the premises with his family until about April 20, 1935. On March 8, 1935, he deeded the premises to his mother, Katharina Fischer. This deed was recorded July 12, 1935. On November 29, 1935, Cherk Steinstra again caused an execution to be issued on his judgment, under which a sale was held and the property bid in by Steinstra to whom a sheriff's certificate of sale was issued. Upon the trial of this action the district court rendered judgment for the foreclosure of plaintiff's mortgage and decreed, "that the mortgage of plaintiff dated May 17, 1934, is a valid and existing first mortgage lien upon the said premises described therein; and the said mortgage lien is a paramount, superior lien to the judgment of said Cherk Steinstra and the said certificate of sale thereunder, and that any interest or rights of the said Cherk Steinstra to said land and premises described herein, and in said mortgage described, are inferior, secondary and subject to the mortgage of the plaintiff."

From this judgment Cherk Steinstra appeals and demands a trial de novo. In his answer and also by objections to the introduction of testimony during the trial, Steinstra objected to the litigation in this action of the question of priority between his judgment lien and plaintiff's mortgage, and urges that he cannot be compelled to litigate

this question in the foreclosure action as it amounts to the litigation of an adverse or paramount title.

We are aware of the general rule that questions of adverse or paramount title cannot be litigated in an action to foreclose a mortgage. 19 R. C. L. 544; Wiltsie, Mortg. Foreclosure, 4th ed. § 157; Jones, Mortg. 7th ed. § 1440. There are, however, a number of exceptions to this rule. 19 R. C. L. 544, 545; Bancroft, Code Pl. §§ 1933, 1935. The defendant, Steinstra, by his answer, sets up his judgment lien and asks that the court find it to be paramount and superior to the mortgage lien. At the trial he introduced testimony in support of his contention and offered in evidence his sheriff's certificate of sale. Neither the validity of the judgment lien nor the mortgage is questioned. Both liens rest on and are derived through the title of the mortgagor. The sole controversy is as to priority. If the judgment lien is inferior to that of the mortgage, Steinstra should be made a party in order to determine his rights as a junior lienholder. In an action to foreclose a real estate mortgage it is proper to litigate the question of priority of the mortgage over liens derived through the title of the mortgagor.

We will next consider the question of priority between the mortgage and the judgment lien. The respondent's position and the one adopted by the trial court is that a judgment which has become a lien upon premises that thereafter are made the homestead of the judgment debtor cannot be enforced against the premises while the homstead right therein exists, and where such premises are conveyed while impressed with the homestead character the judgment lien cannot be enforced against the premises in the hands of the grantor; and since it cannot be enforced because of the lack of power to levy thereunder, a valid mortgage given by the judgment debtor during the time he occupies the premises as a homestead although subsequent in time to the judgment lien, is, in fact, superior thereto. We must, therefore, determine the effect of the homestead right acquired after the judgment has become a lien. The right of homestead is founded upon § 208 of the Constitution of North Dakota which provides, "The right of the debtor to enjoy the. comforts and necessaries of life shall be recognized by wholesome laws, exempting from forced sale to all heads of families a homestead, the value of which shall be limited and defined

by law, and a reasonable amount of personal property; the kind and value shall be fixed by law. This section shall not be construed to prevent liens against the homestead for labor done and materials furnished in the improvement thereof, in such manner as may be prescribed by law."

In 1891 the legislature by chapter 67 of the Session Laws of that year carried out the constitutional mandate to limit and define the value of the homestead. The legislative policy regarding the homestead exemption has remained constant since the first legislation on the subject. Amendments have dealt only with changes in the value or the extent of the homestead which, since 1891, has been "exempt from judgment lien and from execution or forced sale" with certain specific exceptions set out in the statutes. 1925 Supplement to Comp. Laws, §§ 5605, 5607.

The statute providing for a judgment lien is found in § 7691, Compiled Laws of 1913, which provides, "On filing a judgment roll upon a judgment directing in whole or in part the payment of money, it may be docketed with the clerk of the court, in which it was rendered, . . . and it shall be a lien on all the real property except the homestead in the county where the same is so docketed of every person against whom any such judgment shall be rendered, which he may have at the time of the docketing thereof in the county in which such real property is situated or which he shall acquire at any time thereafter, for ten years from the time of docketing the same. . . ."

The homestead right has no basis in common law. It is founded wholly on constitutional and statutory provisions. A judgment lien is also purely statutory. Baird v. Strobeck, 54 N. D. 268, 209 N. W. 348. This court has determined that a judgment does not become a lien against a homestead in existence at the time the judgment is docketed. Farmers' Bank v. Knife River Lumber & Grain Co. 37 N. D. 371, 163 N. W. 1053; Klemmens v. First Nat. Bank, 22 N. D. 304, 133 N. W. 1044; Dalrymple v. Security Improv. Co. 11 N. D. 65, 88 N. W. 1033. In Adam v. McClintock, 21 N. D. 483, 131 N. W. 394, it was held that where an unmarried woman executed a mortgage on land on which she resided and later married and became entitled to a homestead exemption, "The mortgage, being valid when given, remained unaffected by the homestead exemption subsequently

coming into existence." It has also been held that where a judgment was obtained against the owner of a homestead which was conveyed while impressed with its exempt character, it passed to the grantee free from the judgment lien. Birks v. Globe International Protective Bureau, 56 N. D. 613, 218 N. W. 864; Nelson v. Griggs County, 56 N. D. 729, 219 N. W. 225. We wish here to point out that in the last two cases cited the homestead character of the premises existed at the time the judgments were rendered, and continued up to the time the transfers were made. The judgments, therefore, never attached for the premises were homesteads during the entire time they were owned by the judgment debtors. This case presents an entirely different situation. The judgment lien attached on September 8, 1932. The judgment debtor did not occupy the premises as a homestead until over a year later. The existing judgment lien was not divested by the subsequent occupation of the premises as a homestead. Northwest Thresher Co. v. McCarroll, 30 Okla. 25, 118 P. 352, Ann. Cas. 1913B, 1145, and note; Harris v. Cherokee State Bank, 82 Okl. 151, 198 P. 878; Pasco v. Harley, 73 Fla. 819, 75 So. 30; First Nat. Bank v. Peel, 107 Fla. 413, 145 So. 177; Rusch v. Lagerman, 194 Minn. 469, 261 N. W. 186; Caple v. Warburton, 125 Kan. 290, 264 P. 47; Bunn v. Lindsay, 95 Mo. 250, 7 S. W. 473, 6 Am. St. Rep. 48; Freeman, Judgm. 5th ed. § 945; 13 R. C. L. 615.

The respondent argues that no liens can be enforced against the homestead except those specifically mentioned in the statute (1925 Supplement to Comp. Laws, § 5607) and cites, Re Schenum, 51 N. D. 384, 199 N. W. 760. Neither the statute nor the case cited has any application to liens that have attached to premises before they became a homestead because the homestead at its inception is subordinate to such liens which remain unaffected by the exemption. Adam v. McClintock, 21 N. D. 483, 131 N. W. 394, supra. When a homestead is created it attaches to the estate which the claimant then has in the land. It may be created in an undivided interest in realty, Proefrock v. American Nat. Bank, 65 N. D. 308, 258 N. W. 482, or an equity under a contract of purchase, Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245. It does not enlarge the claimant's interest in the land but protects the interest which he then has "from judgment lien and from execution or forced sale." The homestead ex-

emption is protective but not destructive. It protects the homestead right from the encroachment of creditors, but it destroys no liens that attached to the property prior to the time that it became impressed with the exemption. If the homestead right is acquired subject to judgments or other liens, the homestead thus acquired neither divests the prior liens nor defeats them by preventing their enforcement. We do not pass upon the question as to whether an existing judgment attaches as a lien to property subsequently acquired with the intention of making it a homestead. That question is not involved in this case. If the doctrine contended for by the respondent be applied no liens could be enforced except those specifically mentioned in the statute regardless of when they were obtained, "For if the judgment debtor could defeat the creditor under such circumstances, and destroy his right to sell the property, we are unable to see why a party might not, upon the same principle, buy real estate subject to sale under prior existing liens, and then utterly defeat those liens by claiming the property for a homestead." Upman v. Second Ward Bank, 15 Wis. 450.

While homestead statutes must be liberally construed for the protection of the homestead, nevertheless, effect must also be given to other laws creating valid liens and to rights acquired thereunder.

It is also argued that the lien is not destroyed but only the right to enforce it is suspended by the creation of the homestead, and the suspension passes with the transfer. The application of such a doctrine to the facts here presented would mean that the lien could never be enforced. The right of enforcement is the essence and substance of the lien. To permanently suspend that right would, in effect, destroy the lien itself.

We will next consider the effect of the judgment enjoining Steinstra from levying on and selling the premises in question. The words of the judgment disclose that the district court made no attempt to enjoin the enforcement of the judgment after transfer, but only restrained the levy and sale "for such time as the same shall be and remain the homestead" of Fischer. His transfer of the premises removed them from the protection of the injunction, and the situation is now the same as though no such judgment had been rendered. Stein-

stra's judgment lien and his certificate of sale thereunder are prior to the plaintiff's mortgage.

Reversed.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE and BURR, JJ., concur.