## LUNING v. BRADY AND GILSON.

By the common law, a married woman can not bind herself by contract, and the statute of this State has not changed the law in this respect, except in certain particular cases.

Where a husband and wife executed a joint and several promissory note: *Held*, that the note was only obligatory as the individual contract of the husband.

A decree of discharge, under the Insolvent Act, from the payment of a note secured by mortgage, does not release the lien of the mortgage; it only operates to limit the recovery of the mortgagee to the proceeds of the mortgaged premises.   A person claiming an interest in mortgaged premises, subsequent to the mortgage, is a proper party to the foreclosure suit, but can not be subjected to the costs of the foreclosure beyond those occasioned by his own separate defence.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

On the 11th of November, A. D. 1854, the defendants Thomas Brady, and Josephine A. Brady, his wife, made and delivered to the plaintiff the following promissory note:

" Twelve months after date, without grace, for value received, we jointly and severally promise to pay to Nicholas Luning, or order, nine thousand dollars, with interest at two and one-half per cent. per month, payable monthly, in advance, till paid; and if default be made in payment of interest on any of the days when the same becomes due, the principal sum may be deemed due and collectable at once, at the option of the holder of this note.

(Signed)    " Thomas Brady,<br>" Josephine A. Brady.

" San Francisco, Nov. 11, 1854."

On the same day, to secure the payment of the principal and interest of the above note, the said Thomas Brady, and Josephine Brady, his wife, executed, acknowledged, and delivered to the plaintiff, an indenture of mortgage upon certain real property, situated in the city of San Francisco, which mortgage was duly recorded in the office of the recorder of San Francisco county.

The defendant Edward Gilson claimed an interest in the premises subsequent to the execution of the mortgage.

On the 11th of October, 1855, the defendant Thomas Brady obtained a decree discharging him from his debts, including the above note among the number, under the act entitled "An Act for the relief of Insolvent Debtors, and protection of Creditors," passed May 4, 1852.

The note not being paid, the plaintiff, in September, 1857, instituted suit to foreclose the mortgage, and for the sale of the mortgaged premises, making Brady and his wife, and Edward Gilson, defendants.

On the 6th of February, 1858, the plaintiff obtained, in the foreclosure suit, a decree adjudging that the plaintiff recover of the defendant Josephine the amount of the principal and interest due on the note; and that the mortgaged premises be sold, and the proceeds be applied to the payment of said amount; and that any surplus remaining, be paid into Court; and that if there were any deficiency, after the application of such proceeds, that the said defendant Josephine pay the same; and that the plaintiff have execution therefor; and that the plaintiff recover his costs and disbursements in the suit, against all the defendants.

From this decree, the defendants appealed.

*McDougall & Sharp* for Appellants Brady and wife.

*G. F. and W. H. Sharp* for Appellant Gilson.

*S. M. Bowman* for Respondent.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., concurring.

By the common law, a married woman can not bind herself by contract; and the statute of this State has not changed the law in this respect, except in certain particular cases. The joint and several promissory note of the defendant Brady, and his wife, was only obligatory as the individual contract of the husband. (Rowe *v.* Kohle, 4 Cal. Rep., 285.)

The discharge of Brady, by a decree under the Insolvent Act, from the payment of the note, did not release the lien of the mortgage executed to secure its payment. The discharge only operated to limit the recovery of the plaintiff to the proceeds of the mortgaged premises. (Insolvent Act, § 36.)

The defendant Gilson claiming an interest in the premises, subsequent to the mortgage, was properly made a party, but could not be subjected to the costs of the foreclosure beyond those occasioned by his own separate defence.

It follows that the decree is erroneous in adjudging a recovery against the defendant Josephine for the principal and interest of the note; and in directing execution for any deficiency which might remain after the application of the proceeds of sale of the mortgaged premises; and in awarding costs against the defendant Gilson, and must be modified, in these respects, at the cost of respondent.

Ordered accordingly.