## C. D. HORN *v.* WILLIAM JONES, J. G. FORDYCE, AND THE VOLCANO WATER COMPANY.

ACTION TO QUIET TITLE—A person in the possession of property is in a position to bring an action, under the two hundred and fifty-fourth section of the Practice Act, to quiet his title thereto, and on the trial no other evidence on his part than proof of possession is necessary in the first instance.

TITLE UNDER A SHERIFF'S DEED.—The title of a party acquired by a Sheriff's deed, executed under a Sheriff's sale made on an order of sale issued on a decree foreclosing a mortgage, relates back to the date of the mortgage.

EVIDENCE IN ACTION TO QUIET TITLE.—One claiming title to property under a Sheriff's deed, may, in an action brought by him to quiet his title against one who claims under a Sheriff's deed executed on the foreclosure of a mechanic's lien, in which foreclosure he was not a party, go behind the decree foreclosing the mechanic's lien, and show that no lien in fact existed.

PURCHASER *pendente lite* ESTOPPED BY THE DECREE.—If an action is brought against a corporation to foreclose a mortgage purporting to have been executed by it, and a *lis pendens* is filed, and a decree is rendered enforcing the mortgage, a party who buys the mortgaged property, *pendente lite*, at Sheriff's sale, made on a judgment which does not enforce a lien older than the *lis pendens*, is estopped from saying that the mortgage was not the act of the corporation.

PARTIES TO FORECLOSURE OF MORTGAGE.—A party who has no interest in mortgaged property at the time an action is brought to foreclose the mortgage, and

who buys, *pendente lite*, and after a *lis pendens* has been filed, is not a necessary party to the foreclosure.

WHEN SUIT MAY BE BROUGHT TO QUIET TITLE.—One in possession of property, claiming title under a Sheriff's deed executed on a mortgage foreclosure, may maintain an action to quiet his title against another who claims a title against him which would be good against the mortgagor, although void as against the plaintiff.

APPEAL from the District Court, Eleventh Judicial District, Amador County.

Plaintiff recovered a judgment in the Court below, and defendant Jones appealed. The other facts are stated in the opinion of the Court.

*P. L. Edwards*, for Appellant.

Possession can be evidence or notice of no more than the title actually in the possessor. (*Welsh* v. *Welsh*, 5 Ohio, 425.) Here all the facts *in pais*, all the record *indicia*, and all the averments of the complaint, show that the plaintiff has always claimed and now claims only under and in virtue of proceedings had under a void mortgage. From his complaint, from the evidence, and from the findings, no other claim of title on his part can be inferred. He cannot now rely upon simple possession under a claim of higher title, for he has shown that his possession is qualified and procured through proceedings *in pais*, and in Court, which, as against the defendant claiming under an older and better title, are wholly inoperative and void. (2 Sugden on Vendors, 558 ; *Fagg* v. *Mann*, 2 Sum. C. C. R. 555.)

If a person be simply in possession, the presumption is that he is the rightful owner ; but when his own acts, averments, and deductions show a different estate, he is thereby bound. His possession cannot avail him when he himself shows that it is not rightful. Thus, "a person in possession of real estate is presumed to be seized *in fee*. This presumption, however, may be rebutted by a stronger presumption arising from circumstances." (1 Cow., Hill and Edwards' Phil. on Ev. 646.) The presumption arising from possession may always be rebut-

ted or qualified by its character, or other opposite evidence. (*Jayne* v. *Price*, 5 Taunton, 326.)

If the title relied upon either as a cause of action or ground of defense be a nullity, it results that the possession is wholly inoperative, at least as against a better title. (*Livingston* v. *Peru Iron Co.*, 9 Wend. 511.) To the same effect are the notes 1 Cow., Hill and Edwards' Phil. on Ev. 646–7.

The effect of our statute was merely to abrogate the rule of the common law, that the simple pendency of an action should import notice, not to require or authorize the filing of a *lis pendens* where there was already notice in fact, or constructive under the recordation acts. (*Samson* v. *Ohleyer*, 22 Cal. 200; *Richardson et al.* v. *White et al.*, 18 Cal. 102.)

Section twenty-seven of the Practice Act provides that the filing of a *lis pendens* shall be notice of the *plaintiff's right*, but it does not say that it shall be notice of a right which he has not, nor that mortgages and other liens when properly recorded shall not import notice, but be dependent upon the filing of a *lis pendens*. The statute only gives effect to such notice when there would otherwise have been none. Even in New York, where a *lis pendens* is required to be filed in an action for the foreclosure of a mortgage, though of record, the recordation has been held to import notice. (*Potter* v. *Rowland*, 4 Seld. 448.)

To affect a party as a purchaser *pendente lite*, the holder of the legal title must be shown to have been impleaded before the purchase which is to be set aside. (*Carr* v. *Callaghan*, 3 Litt. 365.)

If the mortgage was the deed of the corporation, there is an end of our case, and if not, there is an end of the respondents'. If not such deed, then as already held by this Court in another case, the foreclosure could give it no force or effect as against the corporation or its grantees, whether voluntarily or *in invitum*. The Sheriff's deed in pursuance of such foreclosure could not vest any title in the respondent, and all the subsequent proceedings, including the decree, sale, and deed, were

utterly void. All this is aptly and fully illustrated in *Branham et al.* v. *The Mayor, etc. of San José, et als.*, 24 Cal. 604.)

The foregoing proposition cannot be evaded by the assumption that a *lis pendens* had been filed by the respondent. He could not by filing such notice create title in himself. He could thus at most only give notice of the claim which he actually asserted. There is no room here for the doctrine of *estoppel.* Neither the corporation nor the appellant claiming under it can be estopped by force of a void mortgage. Does a *lis pendens* whose only legitimate function is to give notice of actualities have such potency? Concede that the appellant by virte of this *lis pendens* had notice, still he had notice only of a false and void claim of title.

*John W. Armstrong,* for Respondent.

Jones was not a *bona fide* purchaser *pendente lite.* The *lis pendens* imparted notice to him of the object of the suit and the extent of the relief claimed, and therefore he is estopped by the force of the foreclosure decree, as it has the same conclusive effect as was given to judgments and decrees under the old common law and equity systems of practice.

This is so held after full and deliberate consideration of the twenty-seventh section of the Practice Act, in the case of *Richardson* v. *White,* 18 Cal. 107, where the Court sum up in the following clear and forcible language: "The object of the statute evidently was to add to the common rule a single term, to wit: to require for constructive notice not only a suit, but filing a notice of it; so that this rule is as if it read: The commencement of a suit and the filing of notice of it, are constructive notice of it to all the world of the action, and purchasers or assignees, afterwards becoming such, are mere volunteers, and *bound by the judgment.*"

This doctrine was afterwards affirmed in *Ault* v. *Gassaway,* 18 Cal. 205, and *Sampson* v. *Ohleyer,* 22 Cal. 211.

But if the mortgage was not the deed of the corporation, the plaintiff is in possession under color of title, and this must prevail against the defendant who has no title. In *Winans*

*et al.* v. *Christy et als.*, 4 Cal. 79, the Court said : " This is a much stronger case than the one of ' *Hutchinson* v. *Perley*,' referred to. It is not a mere prior possession, but possession coupled with color of title is shown in defendants." (See Adams on Ejectment, Sec. 77 ; *Livingston* v. *Walker*, 7 Cowen ; *Woods et als.* v. *Love et als.*, 2 Sergeant ; *Rawle ex dem. Murry* v. *Dunn*, 5 Cowen ; *Ludlow et als.* v. *Myers*, 3 John.; *John Doe ex dem.* v. *Hubert et als.*, Breese's Ill. Rep. 278.)

*Neither were the plaintiffs, although they had alleged in their declaration a fee simple title, compelled to prove the same.* They could properly rely upon prior possession, if they chose to do so. (See Adams on Ejectment, Sec. 275 ; *Day* v. *Alerson*, 9 Wendell, 110.)

*The decree through which defendant claims did not become a lien, as against Horn, who had no notice of the suit.*

No *lis pendens* was filed and the decree was not rendered until after Horn commenced his suit, as the facts show. It seems to us that this point is settled in the case of *Head* v. *Fordyce*, 17 Cal. 151.

The proceeding which resulted in the rendition of that decree was *in rem*, not *in personam*.

This proposition is sustained to the fullest extent by the decision in the case of *Chapin* v. *Broder*, 16 Cal. 421, 422, where the judgment considered was in the form of this one, the only difference being, that was for the foreclosure of a mortgage, and this the enforcement of a mechanic's lien ; but this we insist makes no difference, as the sections of the Practice Act referred to above, applies as well to the enforcement of liens as a foreclosure of a mortgage, by its express language; and, besides, upon general principles of law there is no difference—the analogy is complete between them. (*Doughty* v. *Devlin*, 1 E. D. Smith, 631.) The mechanic's lien being invalid, the foundation of the decree is *sapped*, and the effect of it, together with all the proceedings under it, destroyed. (*Branham* v. *The City of San José*, 24 Cal. 604, 605.)

Why is this so ? Because it is a proceeding *in rem*. The

rule is also well stated in 2 Hilliard on Mort., p. 47, Sec. 5, in these words : " *If a foreclosure is void the fee still remains in the mortgagor*, and no action can be maintained, either of eject- ment or trespass, which affirms the title to be in the mort- gagee."

By the Court, SHAFTER, J.

It appears that both parties claim under the Volcano Water Company ; the plaintiff through the foreclosure of a mortgage, and the defendant through the foreclosure of an alleged mechanic's lien ; and the question is as to which of the parties has the better title under the common source.    The facts bearing upon the case are substantially as follows :

On the 4th day of October, 1855, the defendant, J. G. Fordyce, entered into a written agreement with the Volcano Water Company to do and perform work upon, and to furnish material for the construction of the ditch set forth in plaintiff's complaint, known as the Volcano Water Company's ditch.

Said work was completed by said Fordyce on or before the 15th day of December, 1855, according to the terms of the aforesaid agreement.

On the 29th day of August, 1856, Fordyce filed in the office of the County Recorder of Amador County a verified copy of the amount due him for such work—said amount so claimed to be due being thirty thousand nine hundred and seventy-eight dollars and thirty-four cents—together with a description of the property to be charged with the lien, and a notice of his intention to hold a lien upon the said Volcano Water Company's ditch, etc., for the purpose of securing the payment of the sum so alleged to be due him for work and materials furnished upon the said property.

On the 25th day of February, 1857, Fordyce commenced an action in the District Court of the Fifth Judicial District, in Amador County, against the Volcano Water Company, to recover of the company the said sum ($30,978 34), with interest from August 29th, 1856, and costs of suit, and to

obtain a decree foreclosing and enforcing his lien claimed upon said property.

Such proceedings were afterwards had in said action that upon the written stipulation of the plaintiff and defendant herein, judgment was rendered therein in favor of Fordyce and against the Volcano Water Company for the sum of eight thousand dollars, and for the foreclosure of the lien claimed by Fordyce, and adjudging the lien to be good, and directing a sale of the property to satisfy such judgment and costs.

Thereafter Jones, a defendant herein, became the owner and holder of such judgment and decree and of all the right of Fordyce thereunder.

On or about the 19th day of November, 1858, execution and decree of sale were issued upon such judgment, and under and by virtue of the same the Sheriff of Amador County did, on the 11th of December, 1858, sell said property to the said defendant Jones, who was the highest bidder, for the sum of $————.

The certificate of sale was, by the Sheriff, given to Jones, as required by law.

The time for redemption of said property from such sale expired, and no redemption thereof was made.

After the time for redemption had expired, and on or about the 14th day of August, 1859, the Sheriff executed and delivered to said defendant, Jones, the usual Sheriff's deed of conveyance of all and singular the aforesaid property.

Under and by virtue of such deed, and the proceedings theretofore had, the defendant, Jones, at the time of the commencement of this action, claimed and now claims to be the owner, and entitled to the possession of all of said property.

On or about the 3d day of May, 1856, the said Volcano Water Company—one of the defendants—made, executed and delivered a mortgage to the plaintiff upon the whole of said ditch and other property, to secure the payment to the plaintiff of the sum of twenty-one thousand nine hundred and one dollars, with interest thereon at the rate of four per cent per month from its date.

Said mortgage was duly acknowledged and recorded in the office of the County Recorder in and for Amador County, on the 10th day of May, 1856.

On or about the 29th day of September, 1857, C. D. Horn, the plaintiff, commenced an action in the District Court of the Fifth Judicial District, in and for Amador County, against the Volcano Water Company, defendant, to recover the said sum of money, so secured by said mortgage, and for a decree foreclosing said mortgage, and for an order of sale of said property to satisfy said debt, judgment and costs of suit.

On the 29th day of September, 1857, the plaintiff also filed in the office of the County Recorder of Amador County a notice of the pendency and object of such action, together with a correct description of the property to be affected by the judgment prayed for in plaintiff's complaint.

Such proceedings were had in said action that, on the 6th day of June, 1859, a judgment and decree was rendered in said action in favor of the plaintiff and against the defendant, the Volcano Water Company, for the sum of twenty-one thousand nine hundred and one dollars, together with interest thereon at the rate of four per cent per month from May 3, 1856. That the said mortgage be foreclosed, and the mortgaged property be sold to pay and satisfy such judgment and costs, etc.

On the 9th day of June, 1859, an order of sale and execution was issued upon and to enforce such judgment and decree in due form.

Under and by virtue of said execution and order of sale, the Sheriff of said county, having levied upon the property, did, on or about the 23d day of July, 1859, sell all and singular of said mortgaged property to the plaintiff, C. D. Horn, and one F. C. Barney, who were the highest bidders therefor, for the sum of eighteen thousand dollars.

A certificate of sale was by the Sheriff duly issued to them as purchasers.

The time for redemption from such sale expired, and no redemption of such property was made therefrom.

26

After the time for redemption had expired, and on or about the 24th day of January, 1860, the Sheriff made, executed, acknowledged and delivered to the plaintiff and F. E. Barney a deed of conveyance in the usual form, of all of said property; which deed was on the same day recorded in the office of the County Recorder of Amador County.

Afterward F. E. Barney, by deed in writing, bargained, sold and conveyed all his right, title and interest in said property to the plaintiff herein.

Thereafter the plaintiff, C. D. Horn, entered upon, took possession of, and at the time of the commencement of this action was and is now in the actual possession of all and singular of the aforesaid property.

First—It appears, by the record, that the plaintiff was in the possession of the ditch at the commencement of this action and that fact establishes, *prima facie*, that the plaintiff was the owner of the property. By the two hundred and fifty-fourth section of the Practice Act a person in possession of real property by himself or by his tenant, is in a position to bring an action to quiet his title thereto ; and it follows, if the allegation be proved at the trial, that no further evidence of title on the part of the plaintiff can be essential in the first instance. Possession, whether proved by the plaintiff in an action to quiet title or in an action of ejectment, is followed by the same consequences. (*Curtis* v. *Sutter*, 15 Cal. 16.)

Second—As to the title of the defendant under the proceedings in foreclosure of the mechanic's lien.

The decree in the suit brought by Fordyce against the company for the purpose of foreclosing his alleged lien was entered upon a stipulation of the parties. The decree is valid on its face, and is binding upon the company and upon all persons claiming under it, by title subsequent and with notice.

Assuming, for the present, the validity of the plaintiff's mortgage, it appears that it became a lien upon the ditch on the 3d of May, 1856, and the defendant had notice of the fact on the tenth of that month, the day the mortgage was recorded. The title of the plaintiff under his Sheriff's deed relates back

to that date. (*Sands* v. *Pfeiffer*, 10 Cal. 265.) On that day
Fordyce not only had no lien, but his right to acquire one had
been lost by lapse of time, assuming that he once had the
right. The ditch was completed, as the case finds, on the 15th
of December, 1855, and no notice of intention to claim a lien
was filed in the Recorder's office until August 29th, 1856.
Whether the right to a lien be tested by the Act of 1855 or
by the Act of 1856, can make no difference, for the Acts
respectively require every person wishing to avail himself of
" their benefits " to file in the Recorder's office of the county
in which the building, etc., is situated, a just and true account
of the demand due him, etc., within sixty days after the work
shall have been completed. But further: It has been held
(*Ellison* v. *Jackson Water Company*, 12 Cal. 543,) "that neither
the mechanic's lien law of 1855 or 1856 gave a lien upon canals
or ditches." The language of these Acts is "building, wharf or
other superstructure." A ditch is not a building, nor is it a
wharf, and in no sense can it be designated as a superstructure.
And it was further held, that " flumes, constructed at different
points of the line of a ditch, cannot change the general char-
acter of the work as an excavation. Such flumes are mere
connecting links of the ditch over ravines and gulches; and
the whole work must be regarded as a ditch." The plaintiff
is at liberty to go behind the Fordyce decree, and show that
no mechanic's lien in fact existed in his favor, for the action
was brought, not only subsequent to the mortgage, but subse-
quent to its registration, and the plaintiff was not made a party.
And further: There was no notice of *lis pendens* filed. (*Mont-
gomery* v. *Tutt*, 11 Cal. 314.)

It is insisted on the part of the appellant that Fordyce, in
his suit against the company, recovered a personal judgment,
and that the sale of the ditch was under a levy of execution
issued on that judgment, and not under the order of sale issued
upon the decree. In the first place, the fact claimed does not
appear with any proper distinctness; and, in the second place,
if such personal judgment was recovered in fact, the defend-
ant should have made the judgment a lien by docketing it

while he held it as assignee, and then redeemed the ditch from the prior lien of the plaintiff's mortgage; or else he should have redeemed as successor to the interest of the Volcano Company after he became a purchaser at his own sale.

It is further insisted, however, on the part of the appellant, that the Volcano Company, a corporation, never gave a mortgage to the plaintiff, and that the mortgage actually given was the deed of the individuals merely who signed it as Trustees.

The question has been ably argued by the respective counsel, but it is not necessary that we should pass upon it. The defendant Jones is estopped from saying that the mortgage was not executed by the company. The company against which the action to foreclose the mortgage was brought is estopped by the decree, and the defendant is estopped for the reason that a notice of *lis pendens* was filed in the action, and the defendant bought *pendente lite*, (*Richardson* v. *White*, 18 Cal. 107,) and neither he nor Fordyce had in fact any interest in the premises at the time when the action was brought by way of lien or otherwise. The defendant is therefore bound as effectually by the decree as he would have been had he purchased from the the company *pendente lite* under a voluntary sale. It is of no moment that Fordyce was not a party to the action to foreclose the mortgage, for he had in fact no interest in the premises at the time when the action was brought. (10 Cal. 552.)

Third—It is further insisted by the appellant, that his title is not absolutely good as against the plaintiff, is absolutely void on the face of the record under which the title is claimed, and that the plaintiff has therefore no need of equitable relief.

The title of the defendant is, as we have already stated, a perfect one as against the Volcano Company; and the defendant claimed prior to the commencement of this action and to the plaintiff's damage that the title was perfect as to him also. It was held in *Head* v. *Fordyce*, 17 Cal. 151, that a party "has the right to be quieted in his title whenever any claim is made to real estate of which he is in possession, the effect of which claim might be litigation or a loss to him of the property."

We consider the case at bar to be clearly within the principle of that decision.

Judgment affirmed.