[S. F. No. 2389.    Department Two.—September 18, 1903.]

C. M. JOHNSON, Appellant, v. ANTONE FRIANT, and UNION SAVINGS BANK OF SAN JOSE, Respondents.

FORECLOSURE OF MORTGAGE—DEED TO TRUSTEE FOR BANK—FINDINGS— COLLATERAL ATTACK—ACTION TO QUIET TITLE—PRESUMPTION.—In an action to foreclose a mortgage evidenced by a deed of grant, bargain, and sale to a trustee for a bank, in which the court found and decreed that at the time of its execution it was, and was intended to be, a mortgage to secure the bank for past and prospective loans, it will be assumed on collateral attack, in an action to quiet title to the property against the trustee and the bank, which became purchaser under the decree of foreclosure, that all the facts and circumstances justifying the conclusion were in evidence.

ID.—PARTIES—JUDGMENT CREDITOR—LEVY OF EXECUTION—LIS PENDENS —SUBSEQUENT PURCHASER.—Where subsequent judgment creditors of the mortgagor, grantee in such deed, who prior to the foreclosure suit, had levied execution upon the mortgaged property, were made parties defendant to the foreclosure, and a proper notice of *lis pendens* was filed with the recorder, a subsequent purchaser under the execution after such notice of *lis pendens* was filed took with notice of the action, and is bound by the judgment therein, though not made a party thereto.

ID.—RELATION OF TITLE UNDER FORECLOSURE—PRIORITY.—The title acquired by the bank under the decree of foreclosure related back to the date of the mortgage lien, and was prior and paramount to that of the purchaser under the execution sale, who took with notice of the foreclosure suit.

APPEAL from a judgment of the Superior Court of Santa Clara County. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

D. A. Alexander, and W. A. Gett, for Appellant.

The title of the purchaser at the execution sale related back to the levy prior to the suit for foreclosure, and cannot be bound by the judgment. (*Frink* v. *Roe,* 70 Cal. 296, 304; *Fish* v. *Fowlie,* 58 Cal. 373, 378; *Shay* v. *McNamara,* 54 Cal. 169, 178; *Brady* v. *Burke,* 90 Cal. 1, 6; Freeman on Judgments, 4th ed., sec. 162.)

Jackson Hatch, and E. M. Rea, for Union Savings Bank, Respondent.

The purchaser under the execution, after notice of *lis pendens* filed, was bound by the judgment without being made a party to the foreclosure suit. (*Sharp* v. *Lumley,* 34 Cal. 611; *Whitney* v. *Higgins,* 10 Cal. 547;[1] *Horn* v. *Jones,* 28 Cal. 194; *Wise* v. *Griffith,* 78 Cal. 152.)

HENSHAW, J.—The action was brought to quiet title. Judgment passed for defendants, and plaintiff appeals from the judgment alone. The following facts are disclosed by the findings: Upon July 30, 1895, Thomas F. Chatfield was the owner of the land here involved in controversy. He executed to Antone Friant, as trustee for the Union Savings Bank of San Jose, a corporation, and one of the defendants herein, a deed absolute in form, conveying to Friant, the property here involved. Locke & Lavenson, upon April 16, 1896, had secured judgment against Chatfield, foreclosing a mortgage covering certain lands in El Dorado County. Upon February 2, 1898, Locke & Lavenson had execution issue to make $684, being the balance due for deficiency upon their judgment, and caused levy of this execution to be made upon February 15, 1898, upon the land here in controversy, which land is situated in the county of Santa Clara. Upon March 12, 1898, Friant, defendant herein, commenced his action against Chatfield to foreclose his mortgage, and upon the same day filed in due form a notice of *lis pendens* in the office of the county recorder. Three days later the sheriff of Santa Clara County sold the property under the execution levy of Locke & Lavenson, and at the sale plaintiff in this action became the purchaser. Upon the expiration of the period for redemption the plaintiff obtained a sheriff's deed conveying to him the property. Friant's action in foreclosure impleaded the mortgagee Chatfield and Locke & Lavenson, the judgment creditors of Chatfield, who had procured the execution levy upon the land in controversy. All of the defendants suffered default, judgment for plaintiff followed, and at the ensuing sale the Union Savings Bank of San José, defendant herein, became the purchaser.

It is contended by appellant that the foreclosure proceedings

[1] 70 Am. Dec. 748.

of Friant against Chatfield and the judgment which resulted in Friant's favor are absolutely void, because the instrument sought to be foreclosed was either a mortgage, invalid as made between others than the parties, or a deed in trust, invalid by indefiniteness. The complaint in that action and the judgment and decree of the court, after default of the defendants, are all set forth at length in the findings. It appears that upon the face of the instrument it was a deed of grant, bargain, and sale from Chatfield to Friant. The court in that action of foreclosure found and decreed that at the time of its execution it was, and was intended to be, a mortgage to secure the savings bank for past and prospective loans to Chatfield. The sufficiency of the evidence upon which the court reached this conclusion is of course not before us, but we know of no law which absolutely forbids in every case the possibility of the court arriving at such conclusion; nor do we know of any law which would declare such conclusion when reached to be absolutely void. As in a proper case the court could legally reach this conclusion, it will be assumed upon collateral attack that all the facts and circumstances justifying the conclusion were in evidence.

That foreclosure suit, by which it was decreed that Friant had a mortgage lien upon the property on and after July 30, 1895, was commenced three days before the execution sale under which plaintiff acquired his title, and upon the day the suit was commenced a notice of *lis pendens,* in due form, was filed in the office of the recorder. It was not incumbent upon the plaintiff to have subsequently impleaded Johnson, the purchaser at that sale, but, to the contrary, Johnson, without being made a party, took his title subject to the foreclosure proceedings. As those proceedings resulted in a decree declaring that plaintiff's mortgage lien dated from July 30, 1895, the title acquired by the purchaser at that sale (the bank herein) relates back to the date of that mortgage lien (*Horn* v. *Jones,* 28 Cal. 194), and, consequently, vests in defendant bank a title superior to that claimed by plaintiff. The purchaser at execution sale pending the foreclosure of a mortgage given prior to the judgment under which the execution sale took place, is not a necessary party to the action of foreclosure, though the judgment lien existed before the foreclosure suit was commenced. Such purchaser, if taking

with notice of the foreclosure suit, is bound by the decree, though not made a party. (*Wise* v. *Griffith,* 78 Cal. 152.) *Purser* v. *Cady,* 120 Cal. 214, is in no wise in conflict with this doctrine. To the contrary, it is there expressly recognized and declared, the court saying: "Prior to this sale to the defendant, Riggs had commenced the action to foreclose his alleged lien upon the property of the corporation, and by filing the notice of *lis pendens* the defendant had such constructive notice of the claim of Riggs as to make his purchase of the property pending the action subject to that claim."

The judgment appealed from is therefore affirmed.

McFarland, J., and Lorigan, J., concurred.

Hearing in Bank denied.