## KLEMMENS v. FIRST NAT. BANK OF CASSOPOLIS.

(133 N. W. 1044.)

**Cloud on title — adverse claim.**

1. In the statutory action to determine adverse claims under § 7519, Rev. Codes 1905, it is not an essential prerequisite to plaintiff's recovery that he prove that defendant, in fact, asserts some estate, interest, or lien upon the real property in controversy.

**Cloud on title — what plaintiff must prove.**

2. In an action to determine adverse claims to real property brought by a homestead claimant against his judgment creditor, a cause of action is established by merely showing plaintiff's homestead right and the existence of such judgment. Plaintiff is not required to establish the fact that such judgment creditor in fact asserts a lien under the judgment on the property constituting plaintiff's homestead. The allegation in the complaint of such fact is a nonissuable allegation.

**Cloud on title — construction of statute as to action to remove.**

3. The above construction of our statute does not work a hardship to judgment creditors as no costs can be taxed against them, unless they appear and contest plaintiff's right to recover.

**Cloud on title — enjoining adverse claimant from asserting lien.**

4. In such an action, it is error to perpetually enjoin the judgment creditor, as was done in the case at bar, from asserting any lien under the judgment, for manifestly such creditor ought not to be deprived of the right to assert such lien at any future time if such real property, while owned by the judgment debtor, shall cease to be impressed with the homestead character. Judgment is ordered modified accordingly.

Opinion filed November 27, 1911.

Appeal from District Court, Ward county; *A. G. Burr,* Special Judge.

Action by Anton Klemmens, against the First National Bank of Cassopolis. From a judgment for plaintiff, defendant appeals.

Modified and affirmed.

*Pierce, Tenneson, & Cupler,* for appellant.

*Murphy & Wooledge,* for respondent.

FISK, J. This is the statutory action to determine adverse claims to real property. The complaint is in the usual form, alleging title in fee in plaintiff, and that defendants wrongfully assert claims thereto in the form of judgment liens thereon. The defendant bank alone appeared and answered. By its answer it expressly admits plaintiff's ownership of the real property, but denies that it wrongfully, or at all, claims any lien or encumbrance upon the same. Such answer alleges that such real property consists of less than 160 acres, and is of the value of less than $5,000, and that the same is and at all times mentioned in the complaint was the homestead of the plaintiff. The answer also alleges that said defendant holds an unsatisfied judgment against plaintiff, which is docketed in the office of the clerk of the district court of the county wherein such property is situate; but that such judgment is not now, nor has the same at any time been, a lien or encumbrance upon said property or any part thereof. The lower court, on motion of plaintiff's counsel, thereafter gave judgment on the pleadings quieting the title of such property in plaintiff, and forever enjoining defendant bank from asserting any lien thereon under its judgment, from which judgment this appeal is prosecuted by such defendant bank.

The assignments of error present but two questions for our consideration: First, under the facts pleaded, will the statutory action lie; or, in other words, is plaintiff entitled to any relief? If so, then second, is he entitled to all the relief granted by such judgment; or, in other words, is that portion of the judgment perpetually enjoining appellant from asserting a judgment lien on the premises proper?

Our statute authorizing the maintenance of an action to determine adverse claims to real property is § 7519, Rev. Codes 1905, which reads as follows: "An action may be maintained by any person having an estate or interest in or lien or encumbrance upon real property . . . against any person claiming an estate or interest in or lien or encum-

22 N. D.—20.

brance upon the same, for the purpose of determining such adverse estate, interest, lien, or encumbrance." Section 7522 prescribes the form of the complaint in such actions; and the form thus prescribed, as well as § 7519, supra, expressly requires as a necessary ingredient to plaintiff's cause of action a showing that defendant claims certain estates or interests in or liens upon the property adverse to plaintiff. We are therefore confronted with the question whether, in the light of said statute, the action will lie against one asserting no adverse claim against the plaintiff, but who holds a judgment of record against him, which, on the face of such record, unaided by extrinsic evidence, apparently creates a cloud on the title. Did the legislature, in enacting said statute, intend to confer a cause of action under such circumstances?

The only authorities relied on by respondent's counsel in support of their contention that such action will lie are Corey v. Schuster, 44 Neb. 269, 62 N. W. 470; Dalrymple v. Security Improv. Co. 11 N. D. 65, 88 N. W. 1033; and 32 Cyc. 1324. The North Dakota case is not in point. There the defendants, who were judgment creditors, expressly asserted that their judgments constituted liens upon the property in litigation; nor does the citation in Cyc. in any way support respondent's contention. The well recognized principle there announced is merely that "an action in equity will lie to cancel an invalid judgment or decree which is an apparent cloud on the title to land." The Nebraska court in Corey v. Schuster, supra, says: "It is sufficient, to authorize the interposition of a court of equity, that the existence of the apparent liens of the judgments upon the premises may be used injuriously or vexatiously to harass the owner of the homestead, and injure and depreciate his title to the property." It appears from the opinion, however, that the judgment creditors who were made defendants expressly asserted liens on the premises under their judgments, both upon the ground that plaintiffs had abandoned the premises as their homestead and that such premises were of a character not entitling them to claim the same as such homestead under the Nebraska statute. What was said by the court on the first proposition was therefore unnecessary to the decision of the case; but it is no doubt true, as stated by said court, that it is not an essential prerequisite to the maintenance of such an action that the judgment creditors should be threatening or about to cause executions to be issued and levied upon the exempt homestead; and we think, in the light

of our statute, that it is not an essential prerequisite that the judgment creditor should be actually asserting a right of lien upon the premises under his judgment. The mere fact that the judgment record discloses an apparent lien upon the homestead, and thus creates an apparent cloud upon the title, is, we think, sufficient to give rise to a cause of action in plaintiff's favor. While defendant bank has in no manner questioned plaintiff's homestead rights, and has done nothing which it did not have a strict legal right to do, still the fact that the record of defendant's judgment on its face casts an apparent cloud on plaintiff's homestead interest is sufficient to give him a right under the statute to maintain the action.

We realize that, under this holding, each owner of a homestead and who is a judgment debtor has a cause of action against each of his judgment creditors, although they, in fact, are asserting no claim hostile to the rights of such homesteader; but this works no hardship on such a judgment creditor, for he need not appear in the action, and in such event no costs can be allowed against him. Section 7528, Rev. Codes.

California has a statute analogous to ours, authorizing actions to determine adverse claims, and the supreme court of that state has in numerous instances held in accordance with the views above expressed. Castro v. Barry, 79 Cal. 443, 21 Pac. 946; Bulwer Consol. Min. Co. v. Standard Consol. Min. Co. 83 Cal. 589, 23 Pac. 1102; Dranga v. Rowe, 127 Cal. 506, 59 Pac. 944. In Castro v. Barry the distinction between the statutory action to determine adverse claims and the old chancery proceedings to quiet title is clearly pointed out; among other things the court saying: "The distinction between the two kinds of action is clear. They are different not merely in form (for we have no forms of action in the common law sense), but in purpose. In the former case the proceeding is aimed at a particular instrument, or piece of evidence, which is dangerous to the plaintiff's rights, and which may be ordered to be destroyed in whosesoever hands it may happen to be. While in the latter, the proceeding is for the purpose of stopping the mouth of a person who has asserted or is asserting a claim to the plaintiff's property, whether such claim be founded upon evidence, or utterly baseless. It is not aimed at a particular piece of evidence, but at the pretensions of an individual. The statutory action to determine an adverse claim is an improvement upon the old bill of peace. The statute enlarges the class

of cases in which equitable relief could formerly be sought in the quiet-ing of title. It is not necessary, as formerly, that the plaintiff should first establish his right by an action at law. 'He can immediately, upon knowledge of the assertion of such claim, require the nature and charac-ter of the adverse estate or interest to be produced, exposed, and judicial-ly determined, and the question of title be thus forever quieted.' Curtis v. Sutter, 15 Cal. 262, 263. And see Stark v. Starr, 6 Wall. 409, 18 L. ed. 926. Nor is it necessary that the adverse claim should be of any particular character. As said by Baldwin, J., delivering the opinion in Head v. Fordyce, 17 Cal. 151, 12 Mor. Min. Rep. 470, the statute 'does not confine the remedy to the case of an adverse claimant setting up a legal title or even an equitable one; but the act intended to embrace every description of claim whereby the plaintiff might be deprived of the prop-erty, or its title clouded, or its value depreciated, or whereby the plain-tiff might be incommoded or damnified by the assertion of an outstand-ing title already held or to grow out of the adverse pretension.' See also Horn v. Jones, 28 Cal. 204; Joyce v. McAvoy, 31 Cal. 287, 288, 89 Am. Dec. 172. And the rule may be even more broadly stated, *viz.,* that the action may be maintained by the owner of property to determine any adverse claim whatever. For, if the defendant by his answer dis-claims all interest whatever, judgment may, nevertheless, be entered against him, though in such case it must be without costs." And in Bulwer Consol. Min. Co. v. Standard Consol. Min. Co. 83 Cal. 589, 23 Pac. 1102, the court remarked: "Conceding that the averment of an adverse claim is necessary in a complaint to quiet title under § 738 of the Code of Civil Procedure, yet, if the defendant, in his answer, claim an adverse interest or estate in the land described in the complaint, a denial that he had made such adverse claim before the commencement of the action would be immaterial. If, on the other hand, the defendant, as here, expressly disclaim any estate or interest in the land described in the complaint, and at the same time deny that he ever made any such adverse claim, the plaintiff would still be entitled to a decree quieting his title, but without costs. This is implied in § 739 of the Code of Civil Procedure. The object of §§ 738 and 739 is to enable the plain-tiff in such action to dispel whatever may be regarded by third persons, as well as by the defendant, as a cloud upon his title; for, even though the defendant makes no adverse claim, third persons may regard plain-

tiff's title as being subject to an adverse claim by the defendant, which would be a cloud upon plaintiff's title, depreciating its value, and which he would be entitled to have removed by the decree of the court, so that his record title may appear perfect not only to the defendant, but to all persons whom it may thereafter concern. The only purpose of the averment of an adverse claim is to notify the defendant of the nature of the action, and that he is required to set forth and litigate any adverse title he may claim to have, or to disclaim any such adverse title, either expressly or by default. The case of Pfister v. Dascey, 65 Cal. 403, 4 Pac. 393, cited by appellant, is not in point. The point under consideration here was not presented in that case. The only material issues tendered by a complaint in this class of cases relate to the title of the real property described in the complaint. Therefore there was no necessity for a finding upon the formal but immaterial issue, as to whether the defendant had asserted an adverse title before the commencement of the action." With the reasoning and conclusion of the California court in the above cases, we are in entire accord. The appellant's first contention is therefore overruled.

Regarding appellant's second contention, it is clear that the judgment entered is too broad. Such judgment forever enjoins appellant from asserting any lien to the premises under its judgment. As was in effect said by the Nebraska court in Corey v. Schuster, 44 Neb. 269, 62 N. W. 470, appellant will be entitled to assert a lien under its judgment on these premises at any time while owned by plaintiff, should they cease to be impressed with the homestead character, or should they enhance in value to an amount in excess of the limit fixed by statute, appellant will be entitled to subject the excess value thereof to the payment of its judgment.

The district court is therefore directed to modify its judgment in such a manner that it will not interfere with appellant's right in the future to assert a lien under its judgment on such real property, if the facts shall entitle it to do so.

As thus modified, the judgment will be affirmed, appellant to recover costs on this appeal.