JORDAN, Respondent, v. SCHAEFER, Appellant.

(166 N. W. 547.)

(File No. 4249.  Opinion filed February 25, 1918.)

1.  Pleadings, Quieting Title—Homestead, Judgment Record, Satis-
faction of—Complaint, Demand of Satisfaction In, Effect on
Demurrer.

Where a complaint in a suit to quiet title alleged that the
land was plaintiff's homestead, and that demand for satisfac-
tion of defendant's recorded judgment against plaintiff was
served before suit, which demand was refused, held, on de-
murrer to the complaint, that the written demand could not
be considered on the demurrer, by trial court or on appeal;
such demand not affecting plaintiff's right to a decree adjudg-
ing the land to be his homestead and not subject to the judg-
ment; such demand merely affecting taxable costs (Laws 1913,
Ch. 170); nor can the question whether the demand for relief
goes beyond plaintiff's right, be thus raised.

2.  Quieting Title—Homestead—Complaint, Demand for Satisfaction
of Judgment—Demurrer re Relief, Tenability of.

The sufficiency of such complaint is to be determined by
allegations thereof, not by the prayer for relief; since, if plain-
tiff is entitled to any relief under the facts plead, the demurrer
was good; and since plaintiff seeks a finding that the land is
a homestead, and a conclusion that, being a homestead, it is
not subject to lien of defendant's judgment, demurrer was
properly overruled; and defendant cannot invoke the maxim
in Civ. Code, Sec. 2431, that "the law neither does not
require idle acts," on the ground that the prayer for relief,
if effectuated by decree, would accomplish what already is true
under the law, as to non-application of the judgment as a
lien.

Appeal from Circuit Court, Charles Mix County.    Hon.
ROBERT B. TRIPP, Judge.

Action by Lewis E. Jordan, against Edward Schaefer, to
quiet title to plaintiff's realty as a homestead.  From an order
overruling a demurrer to the complaint, defendant appeals.  Af-
firmed.

*John W. Addie,* for Appellant.

*E. P. Wanzer,* for Respondent.

(1)  To point one of the opinion, Appellant cited:  Pol.
Code Sec. 3215.

Respondent cited:  Nichols & Shepard Co. v. Cunningham,
et al, 94 N. W., 389; French v. Bartel & Miller (Iowa), 146

N. W. 754; Klemmens v. First Nat. Bank of Cassopolis (N. D.), 133 N. W. 1044.

(2)   To point two of the opinion, Appellant cited: Smith v. Spafford et al (N. D.) 112 N. W. 965; Pol. Code Secs. 3226, et. seq.

WHITING, P. J.   Appeal from an order overruling a de·murrer to a complaint.

The complaint alleges plaintiff to be the owner of certain real estate; that the same is plaintiff's homestead and of less than $5,000 in value; that defendant holds a judgment against plaintiff, which judgment is docketed in the county where said land is situate; that by virtue of such judgment defendant claims some interest in or lien upon said land, but in fact has none; that defendant is a proper party to this action under chapter 81, Laws 1905; that the action is brought for the purposes of quieting title to such real estate in plaintiff, and to determine the liens or interest, if any, of defendant; and that plaintiff has served a demand for a satisfaction of the judgment in full so far as the same affects the homestead, has tendered $1.25 with such demand, and defendant has refused to execute the satisfaction. Then followed a prayer for relief.

Appellant sets forth the written demand that was served on him, and contends that the relief demanded therein, as well as the relief prayed for in the complaint, was greater than plaintiff was entitled to.

[1]   The written demand could not be considered by the lower court on the demurrer, and cannot be considered by us on this appeal. It may at some time become material as evidence. Such demand, as well as the allegations in relation thereto in the complaint, do not affect plaintiff's right to a judgment decreeing the land to be his homestead, and as such not subject to the lien of appellant's judgment. The giving and proving of a demand merely affect the matter of taxable costs. Chapter 170, Laws 1913.

[2]   Appellant contends that plaintiff seeks greater relief than he is entitled to; that the relief demanded would prevent such judgment ever becoming a lien against such land even though, while remaining the property of respondent, it should·

cease to be a homestead. This is a matter that cannot be raised on demurrer. The sufficiency of the complaint is to be determined by the allegations thereof, and not by the prayer for relief. If plaintiff is entitled to any relief under the facts pleaded, the demurrer was properly overruled.

[3]    Appellant says:

"Section 2431 of the Political [Civil] Code states, 'The law neither does nor requires idle acts,' that is, the court will not decree this Schaefer judgment not to be a lien upon the said land so long as it remains Jordan's homestead for the reason that the Schaefer judgment is already not a lien upon said land so long as it remains the homestead of the plaintiff in this action. This would merely be asking the court to decree what already is true under the law, and would be an idle act on the part of the court."

Undoubtedly appellant has not thought to what result his line of reasoning leads. If the law will not permit courts to adjudge that something exists because it exists without such judgment, then why courts? Under appellant's logic every complaint is demurrable; those which fail to state facts sufficient to constitute a cause of action, because the statute makes them demurrable; those which do state facts sufficient to constitute a cause of action, because, under such facts, the law gives him what he seeks, and it is an idle act to have the courts so decree. Respondent seeks a finding that the land is a homestead and a conclusion that, being a homestead, it is not subject to the lien of appellant's judgment.

The demurrer was properly overruled. Klemmens v. First Nat. Bk., 22 N. D. 304, 133 N. W. 1044. In the case cited the courts points out the judgment to which this respondent is entitled under the facts pleaded.    ,

The order appealed from is affirmed.