[S. F. No. 14574.   In Bank.—June 20, 1933.]

ELIZABETH COAKLEY, Respondent, v. MEURICE SWIM, Appellant.

Meurice Swim, *in pro. per.*, for Appellant.

William M. Malone for Respondent.

SEAWELL, J.—This appeal is taken by the defendant from a judgment quieting plaintiff's title to her homestead and removing therefrom a cloud which was cast thereon by defendant asserting an interest therein, arising out of an action entitled *Swim* v. *James K. and Elizabeth Coakley*, husband and wife, commenced by defendant Swim upon an assigned claim on account of hospital care and attention rendered to James K. Coakley, husband of Elizabeth Coakley, plaintiff herein. Said action terminated in a judgment in favor of plaintiff and against said Coakleys for the sum of $163, together with costs taxed at $8.55 and interest in the sum of $8.45. Respondent herein, Elizabeth Coakley, on May 31, 1927, long prior to the commencement of said action and before said indebtedness was incurred, made and filed a declaration of homestead on the real property affected by this action for the joint benefit of herself, her husband and two minor daughters. It is not disputed that said homestead was selected as provided by law, or that it has not been abandoned or in anywise lost or become subject to the lien of third parties, unless the proceedings taken by plaintiff therein (appellant in this action) has impressed said homestead with the lien of appellant herein as asserted by him. The facts upon which the contending parties rest their respective claims follow.

On April 13, 1928, the defendant Swim commenced an action against said Coakley to obtain a judgment on account of said assigned claim for hospital services. Five months after the filing of said action, to wit, September 12, 1928, while said homestead was, and for more than a year prior to the commencement of said action had been, a valid and subsisting homestead, the defendant herein caused a writ of attachment to issue, which was levied by the sheriff upon said homestead. Thereafter he recovered judgment for said sum of $163.95, together with costs. He thereupon caused to be filed and recorded with said city and county recorder an abstract of said judgment, and by virtue of this abstract of judgment and said attachment he claims that said homestead has become impressed with a lien.

By a cross-complaint defendant specially asserts a lien upon said homestead by virtue of the levy made of a writ of attachment, without taking any other or further proceedings.

The appeal is before us on a bill of exceptions. The only point that appellant attempts to make in his brief for a reversal or modification of the judgment quieting plaintiff's title is that the order of injunction is too broad. His contention is thus stated:

"The judgment provides that respondent's title be quieted and further that appellant be enjoined and debarred from asserting any claim adverse to respondent's *title as hereby ascertained and determined.*" (Italics ours.) It is objected that if appellant should proceed to appraise the value of said homestead under the provisions of sections 1245 to 1257 of the Civil Code, both inclusive, he would be violating the command of the judgment. There is no merit in this suggestion. The judgment could not be framed in any other language if it is to be made effective for any purpose. Every judgment is rendered with reference to the issues involved in each particular case. The decree enjoins the defendant from asserting any claim "adverse to respondent's title *as hereby ascertained and determined*". Nothing could be clearer. The injunction is expressly limited to the issues therein involved, and not to any new issues or to a changed condition as to increased value in excess of the sum fixed by statute in a proper proceeding. The judgment is limited to the precise situation and state of facts existent at the time it was entered.

Defendant's claim to a lien, as shown by his pleadings, is placed solely upon the effectiveness of the attachment and the abstract of judgment obtained in the manner related, *ex proprio vigore*, to impress a lien upon a valid and subsisting homestead. The judgment does not purport to estop the appellant from prosecuting any right given him by the provisions of section 1245 et seq. of the Civil Code. Defendant took no steps whatever to have appraisers appointed to appraise the value of the homestead. Until its value was shown to exceed the sum of $5,000, it was immune from execution and forced sale, except in those cases named in section 1241 of the Civil Code, of which the instant claim is not one. No lien can be impressed upon exempt property. A homesteader is free to sell the homestead and re-invest the proceeds in other property, which may likewise become exempt if he so elects.

If a homestead could be impressed with a lien in the manner in which defendant by his asserted claim seeks to encumber the free use and title of plaintiff's property, then a creditor's claim would cloud the title of every homestead and the favored object of the law, to wit, the protection of the homesteader, would wholly fail.

Neither by his answer, cross-complaint nor in any other proceeding did he raise the issue as to the value of the homestead. The only objection whatever made to the validity of the homestead by the pleadings or at all is that the homestead was "abandoned by process of law subsequent to the declaration". What is meant by that objection, or upon what theory it was made, is not pointed out by the defendant. Defendant at no time appeared as a creditor in conformity with sections 1245–1257 of the Civil Code, and if he had actually done so, it would have availed him nothing, inasmuch as he did not show nor attempt to show that he applied to the superior court in the county in which the homestead is situated for the appointment of persons to appraise the value of said homestead within the time provided by law. Section 1245, *supra*, expressly provides that if such "application shall not be made within *sixty* days after the levy of such execution the lien of the execution shall cease at the expiration of said period, and no execution shall thereafter be levied upon the homestead". Absolutely no step has been taken by the judgment creditor upon a verified petition or otherwise, or within the time or in the

manner provided by section 1246 et seq. of the Civil Code, to comply with the provisions of law prescribing the manner in which the value of a homestead may be appraised by the court. Appellant has not shown that the lands of plaintiff thereafter lost their homestead character, or that they had enhanced in value to an amount in excess of the sum of $5,000, and that the excess was subject to the payment of a valid judgment.

*Klemmens* v. *First Nat. Bank*, 22 N. D. 304 [133 N. W. 1044], relied upon by appellant, has no relevancy to the instant case. In that case the term ''forever enjoined'' was held to be too broad, on the ground that it might affect the right of a judgment creditor even in case the homestead had lost its character as such. The term ''forever enjoined'', used in the cited case, but not in the instant case, has the sanction of ancient usage, and we do not necessarily see anything menacing in its use. As a matter of course, such language is limited to the existing and controlling facts of the case before the court. That is to say, the injunction would continue ''forever'' if the facts and situation under which it was issued should continue unchanged ''forever''. But we have no such situation confronting us, as the word ''forever'' does not appear in the judgment in the instant case.

The appeal is without merit. The judgment is affirmed.

Thompson, J., Preston, J., Curtis, J., Langdon, J., Shenk, J., and Waste, C. J., concurred.