[Civ. No. 2190. Fourth Appellate District.—December 19, 1938.]

PAUL BOLTON, Respondent, v. R. S. LOGAN, Appellant.

Mayock & Lester for Appellant.

W. W. Kaye for Respondent.

MARKS, J.—This is an appeal from a judgment quieting plaintiff's title to six mining claims in Inyo County, California.

The chains of title of both parties find a common source in the Big Silver Mining Company, a corporation.

On November 6, 1933, Dana R. Weller was receiver of the Los Angeles Financial Center Building Company. On that day, he, as such receiver, recovered judgment against the Big Silver Mining Company, and others, in the sum of $10,552.50. An abstract of this judgment was duly recorded in Inyo County on November 10, 1933. On September 8, 1934, Dana R. Weller, as such trustee, bought the property at sheriff's sale and received a certificate of sale therefor. On October 8, 1935, he received a sheriff's deed to the property. Subsequently, after due authorization, Weller, as receiver, conveyed the property to plaintiff.

If he had been permitted to do so, defendant probably would have been able to prove the following chain of title: On November 1, 1933, the Big Silver Mining Company executed its mortgage on the same mining claims (excepting one claim called the Big Bobby) to secure a promissory note for $5,119.45, and interest, payable to C. F. Story. This mortgage was recorded on November 2, 1933, in Inyo County. On February 13, 1934, action by an assignee of the mortgagee was instituted in Inyo County to foreclose the mortgage and a *lis pendens* was duly recorded. On December 24, 1934, a decree foreclosing the mortgage was entered. On August 19, 1935, the mortgaged property was sold by the sheriff of Inyo County to defendant at foreclosure sale. A sheriff's deed was executed to defendant. The copy of the deed in the record bears date of July 19, 1936. It was acknowledged and recorded on August 20, 1936, and recites the fact of the foreclosure sale on August 19, 1935, and that one year had elapsed since such sale. No point was made in the trial court, nor is made here, that the sheriff's deed is dated July 19, 1936, less than one year after the foreclosure sale.

The plaintiff proved his chain of title by documentary evidence and rested. Defendant then attempted to prove his

chain of title. He first offered the decree of foreclosure of the mortgage. Plaintiff objected to its admission in evidence because Dana R. Weller was not made a defendant to the foreclosure action. This objection was sustained. Counsel for defendant then offered to prove defendant's chain of title which was alleged in his answer and affirmative defense. He also offered other documents in that chain. The same objection was made and sustained.

As defendant was thus prevented from introducing any evidence of his title, the trial court found all facts in favor of plaintiff, and against defendant, and quieted plaintiff's title to the property.

From the facts already detailed, assuming evidence to prove them, it is apparent that the mortgage under which defendant claims was recorded in Inyo County on November 2, 1933, eight days prior to the recordation of the abstract through which plaintiff claims. An action to foreclose the mortgage was filed on February 13, 1934, and a *lis pendens* recorded the same day. This antedated, by several months, the execution sale to Weller.

A mere recital of these facts shows that the lien of the mortgage was prior to the lien of the judgment and that Weller bought, at the execution sale, with constructive notice of the prior lien which was given him by the *lis pendens*. The legal effect of these priorities is clearly set forth in *Johnson* v. *Friant,* 140 Cal. 260 [73 Pac. 993], as follows:

"That foreclosure suit, by which it was decreed that Friant had a mortgage lien upon the property on and after July 30, 1895, was commenced three days before the execution sale under which plaintiff acquired his title, and upon the day the suit was commenced a notice of *lis pendens,* in due form, was filed in the office of the recorder. It was not incumbent upon the plaintiff to have subsequently impleaded Johnson, the purchaser at that sale, but, to the contrary, Johnson, without being made a party, took his title subject to the foreclosure proceedings. As those proceedings resulted in a decree declaring that plaintiff's mortgage lien dated from July 30, 1895, the title acquired by the purchaser at that sale (the bank herein) relates back to the date of that mortgage lien (*Horn* v. *Jones,* 28 Cal. 194), and consequently, vests in defendant bank a title superior to that claimed by plaintiff. The purchaser at execution sale pending the foreclosure of a mortgage given prior to the judgment under

which the execution sale took place, is not a necessary party to the action of foreclosure, though the judgment lien existed before the foreclosure suit was commenced. Such purchaser, if taking with notice of the foreclosure suit, is bound by the decree, though not made a party. (*Wise* v. *Griffith*, 78 Cal. 152 [20 Pac. 675].)'' (See, also, *Koch* v. *Wilcoxon*, 30 Cal. App. 517 [158 Pac. 1048].)

An examination of the record on appeal in the Wise case shows that the factual situation there was similar to the facts of the instant case.

Plaintiff seeks to support the judgment and rulings of the trial court by *Whitney* v. *Higgins*, 10 Cal. 547 [70 Am. Dec. 748], and the cases following it. All that was held in the Whitney case was that a junior lienholder has the right to redeem the property sold at the foreclosure of a prior lien. That cannot be construed into a holding that the junior lienholder's title was superior to that of the senior lienholder obtained through regular foreclosure proceedings.

It is clear that the trial court should have admitted evidence tending to prove defendant's title. The decree of foreclosure and the sheriff's deed were links in the chain of title. They should have been admitted in evidence.

Plaintiff urges that the documents offered by defendant did not prove any title in him. While this may be true, defendant offered to prove his title as set forth in his pleading. The documents which were excluded, were offered in an endeavor to prove such title. While they did not in themselves prove title they were links in the chain and should have been admitted. It is rather clear from the record that the offer of the other documents necessary to prove title would have been rejected on the ground, stated in the objection, that Weller was not a party to the foreclosure proceedings. Under these circumstances the defendant's failure to offer further evidence of his title may be excused.

As defendant was wrongfully prevented from proving whatever title he may have had, the judgment in favor of plaintiff must fall.

The errors were prejudicial.

Judgment reversed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 17, 1939, and the following opinion then rendered thereon:

MARKS, J.—Plaintiff has filed a petition for rehearing and with great sincerity urges that this court has misstated the law of this state and has held that the judgment of foreclosure of the mortgage given to defendant's predecessor in interest bound plaintiff's predecessor in interest who was not a party to the foreclosure proceeding. Such was not the holding of this court and that question was not before us for decision.

Defendant claimed title to five of the mining claims under a mortgage that was recorded in Inyo County on November 2, 1933. Defendant claimed under the lien of a judgment obtained in Los Angeles County and recorded in Inyo County on November 6, 1933. The action was to quiet title in the plaintiff to six mining claims, and under a cross-complaint to quiet title in defendant to five of those claims. The ultimate question to be decided in the trial court is the validity of these respective conflicting claims of title. This involves priorities of recordation and notices of the respective liens as well as the legality of the two proceedings which resulted in the judicial sales.

The plaintiff was permitted to prove his title. Defendant was prevented from proving whatever title he may have had by objections of counsel for plaintiff which were sustained by the trial judge. We held these rulings to be prejudicially erroneous and the judgment for plaintiff was reversed for that reason.

On a retrial of the case the trial court will determine the question of which party acquired the paramount title to the property. The question is one of priority of liens and paramount title in which the fact of the failure to join the junior lienholder as a defendant in the action to foreclose the prior lien of the mortgage is only one of the questions to be considered.

The petition for rehearing is denied.

Barnard, P. J., and Griffin, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 16, 1939.